Thompson, J.
delivered the opinion of the court. The principle question in this case is, whether a sufficient seisin in the demandant’s husband has been shown, to entitle her to dower. Lewis Morris, the son, had been possessed of the premises in question, by receiving the rents and profits thereof for ten years; he then conveyed them in foe to the demandant’s husband, who continued in possession for ten or twelve years, until they were sold under an execution against him, and purchased by Lewis Morris, the son. These facts were clearly sufficient,prima facie, to entitle the demandant to a recovery. Nothing, we think, was shown on the part of the defendant, to defeat her right. The circumstances submitted to the jury, from which they might presume a deed from Lewis Morris, the father, to Lewis Morris, the son, were strong ; yet if the merits of the demandant’s claim rested alone on this, I should entertain some doubts. But the acknowldgment of Gouverneur Morris amounted to a full recognition by him of the title under which the demand-ant claims.- William Morris, from whom he acknowledges *124 lie got the place in exchange for one in New-Jersey, claimed to hold it as a devisee under the will of Lewis Morris, the son, who was the grantor in the deed to the demand-ant’s husband. We think, therefore, that the demand-ant is entitled to her dower, but not to damages. In this respect, the direction of the judge and the verdict of the jury were incorrect. At common law, no damages were recoverable in dower. They are given by statute, and the statute extends only to cases where the husband dies sei-sed. (Coke Litt. 32. b. Dyer, 284. and cases there cited.)
The opinion of the court therefore is, that the demand-ant is entitled to judgment, on her remitting the damages found by the jury, otherwise a new trial must be awarded.
Judgment for the demandant.