SARAH HYATT, widow, v. JOHN G. ACKERSON.

A defendant in dower, who claims title to the premises in question, by deed from or under the husband of the demandant, cannot be admitted to deny the seizin of the husband, so as to defeat the widow's dower, she being in all other respects, entitled to recover; and there is no difference between a defendant in dower, who purchases by direct conveyance from the husband, and one who holds under a sheriff's deed.

This was an action of dower, and was tried at the Sussex circuit, in November, 1832. The defendant pleaded, first, *ne unques seizie que dower ;* and secondly, that he was not tenant of the freehold. A verdict was rendered for the demandant on both issues. The cause now comes before the court, on a rule to shew cause why that verdict should not be set aside and a new trial granted.

*D. Haines* for demandant.

*J. S. Green* for defendant.

HORNBLOWER, C. J. The only question in this case is, whether it is competent for a defendant in dower, who holds under a title derived from the husband of the demandant, to deny

such a seizin in the husband as entitles her to dower? If this question is answered in the negative, then the rule to shew cause must be discharged.

What then are the facts? Stating them briefly, and as the jury were fully authorized, from the evidence given at the trial, to find them, they were as follows. Sarah Peterson, in the year 1809, being in possession of the premises, and claiming a right to sell them, conveyed the premises in fee, by deed, to the husband of the demandant. He held and enjoyed the property as his own, under that deed, for sixteen or seventeen years, and died in possession of it ; leaving his widow, the demandant, and her children, upon it, after his death. The defendant, previous to the commencement of this action, had entered upon and taken exclusive possession of the premises, claiming title thereto under and by virtue of a sheriff's deed to him, on an execution which had been issued against the husband of the demandant in his life time.

Upon this evidence, the judge refused to nonsuit the demandant ; and afterwards gave it in charge to the jury, as follows : " In the year 1819, the defendant purchased (the property) by sheriff's deed, and if he holds it under the sheriff's deed, he cannot deny that deed, or that he acquired title by it. If he took possession under the husband, she is entitled to dower ; the defendant cannot deny her right. He is not called on to guarantee her dower."

The judge was clearly right, both in refusing to nonsuit the demandant, and in charging the jury as he did.

The rule is well settled, that a defendant in dower, who claims title to the premises in question, by deed from or under the husband of the demandant, cannot be admitted to deny the seizin of the husband, so as to defeat the widow's dower, she being in all other respects entitled to recover. This has been so frequently ruled as to render it unnecessary to enter into any argument in support of the doctrine, or to cite authorities ; except it be for the purpose of bringing a few of the cases together in this place, to which reference may hereafter be had.

In Taylor's case, cited in *Sir W. Jones*, 317, it was held, that if a tenant *at will*, or *for years*, made a feoffment in fee,

and died, and his wife brought dower against the feoffee, he could not deny her husband's seizin.

In *English* v. *Wright, Coxe's Rep.* 437, tried before Kinsey, chief justice, and Smith, justice, at the Burlington *Nisi Prius*, in 1793, this rule was applied under circumstances of peculiar hardship. The real owner of the premises in fee, by a valid and subsisting title, with a view to extinguish and put an end to a fraudulent title, set up against him by his brother, the husband of the demandant, purchased in all his right, at a sheriff's sale, on an execution against him, and took the sheriff's deed for the premises. The court held that the defendant's receiving a deed under the demandant's husband was a sufficient recognition of his seizin. That she was not bound to establish the *merits* of her husband's *title;* and that though the circumstances were hard, it would lead widows into great difficulties, if they were to be cut out by a prior title, after the person setting up such title had accepted a deed under the husband.

In *Sheppard* v. *Wardell, Coxe's Rep.* 452, it was ruled by Kinsey, chief justice, and his associate, at *Nisi Prius*, that under the plea of *ne unques seizie*, the demandant, is not bound to prove *title* in her husband, but only *seizin* of the estate during coverture. The plea of *ne unques seizie*, does not therefore put in issue the *validity* of the husband's *title*. That must be tried in another form.

In *Montgomery* v. *Bruere*, 1 *South. Rep.* 260, 263, Kirkpatrick, chief justice, says, " It is a clear principle, that he who comes in and holds under the husband, as heir or *alienee*, can never question his title, in order to defeat the dower of the widow. And it is also a clear principle, that such heir or alienee, can never set up a latent title, unaccompanied with possession purchased in for that purpose." And he afterwards remarks, that though the husband may be seized of a defeasible estate, as by abatement, discontinuance, or even by disseisin, yet the wife is entitled to her dower, until such estate be defeated or avoided by due course of law. Southard, justice, in that case, expressed himself to the same effect. See 9 *Vin. abr. tit. dower*, 220, *letter G. pl.* 14, & 231, *'lett. H. pl.* 1.

In *Griggs* v. *Smith*, 7 *Halst. Rep.* 22, it was decided by this court, that a deed from a person in possession, conveying the

Hyatt *v.* Ackerson.

premises in fee simple to the husband of the demandant, and a possession by him for three years, under that deed, was prima facie evidence of the seizin of the husband, and sufficient to entitle the demandant to recover, unless repelled and overcome by the proofs of the defendant.

The same doctrine in its full extent, has been adopted by the Supreme Court of the State of New York, as may be seen by consulting the cases of *Bancroft* v. *White*, 1 *Caines Rep.* 185, 190; *Embree* v. *Ellis*, 2 *Johns.* 119; *Hitchcock* v. *Harrington*, 6 *Johns. Rep.* 290, 293; *Collins* v. *Torrey*, 7 *Johns. Rep.* 278; *Hitchcock* v. *Carpenter*, 9 *Johns. Rep.* 344; *Jackson* v. *Waltermire*, 5 *Cowen, Rep.* 299; *Same* v. *Same*, 7 *Cowen*, 353.

As respects this question, there is no difference between a defendant in dower, who purchases by direct conveyance from the husband, and one who holds under a sheriff's deed. For a purchaser at sheriff's sale, holds the premises as by deed from the defendant in execution; the sheriff being merely the agent of the law to transfer the title. Per Southard, justice, in *Montgomery* v. *Bruere*, 1 *South. Rep.* 260, 273. Per Kirkpatrick, chief justice, in *Den* v. *Camp*, 2 *Penn. Rep.* 798, 800; *Den* v. *Winans*, 2 *Green Rep.* 1.

No injustice is done to the defendant in this case, by the application of the rule as above stated. From the evidence in the cause, it is manifest, that the premises in question, either belong to Hyatt in fee, or they now belong to the heirs of Peterson. But the defendant claims under Hyatt, and of course adverse to the heirs of Peterson. Shall he then be permitted, when the widow comes for dower, to deny her husband's title; and when the heirs of Peterson, claim, to set up that title? It is true, he denied by his plea, that he was tenant of the freehold; but there was abundant evidence on the trial, that he was actually in possession, claiming title under the demandant's husband. Let the rule be discharged with costs.

FORD, J. This was an action by Sarah Hyatt, to recover dower in thirty-one acres of land, and she had to maintain two issues. First, that Caleb Hyatt, her husband, was seized of an estate of inheritance therein, during the coverture; and secondly, that the defendant, John G. Ackerson, was the tenant of the freehold.

Hyatt *v.* Ackerson.

In support of these issues, she gave in evidence, a deed of conveyance for these premises, bearing date the 28th of December, 1809; whereby, for valuable consideration, one Sarah Peterson conveyed the same to her husband, Caleb Hyatt, and his heirs in fee simple. She proved that Sarah Peterson was in actual possession at the time of the conveyance, and that her husband not only entered into possession upon his receiving the deed at that date, but that he remained seized and had the actual enjoyment of the premises for ten or twelve years, and that he died on the land. She further proved that the land was seized on an execution against her husband, and sold as his property to the defendant, and the defendant gave in evidence the deed, whereby the sheriff conveyed the premises, and all the estate of Caleb Hyatt, therein, to the defendant, his heirs and assigns; and it did not appear that the defendant had any other title to the premises. It further appeared, the defendant had offered, if she would yield up the possession to him, that he would convey six acres of the premises to any one of her children that she might name, and that she might select the six acres on any part of the lot; but she refused to comply. Afterward, he demanded possession of the whole lot, in virtue of his deed from the sheriff, and about three years ago, she yielded up the possession to him, and he retains it still. It furthermore appeared, that one David Peterson had been in possession of the premises about fifteen years, claiming the land as his own, and had died seized thereof, and intestate; leaving in possession his widow, the said Sarah Peterson, and that soon after his death, she had made the foregoing deed to Caleb Hyatt, her daughter's husband, but by what authority, was unknown.

The defendant's counsel insisted, that no title had vested in Caleb Hyatt, the husband, under the deed of Sarah Peterson, for that she had no title herself, and therefore could not convey any to Hyatt; that he came in without title, by wrong to the heirs at law of David Peterson, who have the only right to the inheritance. But how does this prove that Hyatt was not seized of the inheritance? For if it were admitted that the heirs of Peterson were disseized of their inheritance by the wrongful entry of Caleb Hyatt, and that they have taken no measures

Hyatt *v.* Ackerson.

by either entry or action at law, to regain their seizin, whereby the disseizor still retains possession of the estate; it will remain in him until it be divested by recovery upon a better title, and however wrongfully acquired, will descend at his death to his *heirs. Litt. sec.* 385; 2 *Bl. Com.* 196. If so, then it was an estate of inheritance in him, which was the point to be proved, and by necessary consequence, his wife is dowable therein.

But she must bring her action against the tenant of the freehold who is such, either by descent or purchase, under her husband's title, for if he has the freehold under a title paramount or superior to that of her husband, he will defeat her action. And this she seems to have done to the entire satisfaction of the jury, by showing that he bid for her husband's inheritance; that he took the conveyance of it to himself and his heirs; that he demanded possession of the estate in pursuance of it; that he is now in full seizin under it, and shows, *in himself*, no other title. Though he takes Hyatt's estate himself, yet in order to defeat Hyatt's widow of dower in the same estate, he sets up title in the heirs of Peterson, a stranger; but this cannot be allowed according to a great class of cases, though I shall cite at present, only from 4 *Kent's Com.* 38: whose words are these: "Where the *husband* has been in possession for years, using the land as his own, and conveying it in fee, a tenant deriving title *under him*, is concluded from controverting the *seizin of the husband*, in the action of dower." And could anything be more unreasonable, than as his estate and her dower both spring out of the *same title*, that one should be good and the other not? Her right to dower stands on the same footing with his right to the freehold; and as they both claim under the same disseizor, they must stand together so long as the disseizin lasts, if it be an estate by disseizin; and when it fails, they must fall together. Nobody can enter in the place of the heirs of Peterson, to put an end to such a disseizin, nor compel them to do it. Possibly they do not wish to avoid it, as it grew out of the act of their mother, and may be founded on family reasons, unknown to any but themselves; but be this so or not, they are out of possession, and the court and jury could take no notice of their claim in this action, if they have any.

As the evidence was sufficient on both issues, to be left to the jury, there could be no ground for a nonsuit, neither do I see any cause for a new trial.

RYERSON, J. gave no opinion, having been of counsel with one of the parties, before his appointment.

Rule discharged.