## KNIGHT *et ux. vs.* MAINS.

It is sufficient for the demandant, in an action to recover dower, to show her husband's possession during the coverture; it is then incumbent on the defendant to show a paramount title in himself.

Where one took a deed from the State, containing the following reservation in favor of the widow of one who died in possession of the premises: " Reserving to E. M. formerly the wife of J. M. a life estate in the same, to one third thereof, in the same manner she would have been entitled to her right of dower in the premises, if her husband, J. M., had died seised of the same in his own right; and she shall be entitled to the privilege of having the same set off to her, in the same manner she would have been, had the said lot been the property of said J. M. at the time of his decease," — it was holden that such grantee could not rightfully resist the claim of E. M. to dower.

THIS was an action of *dower*, wherein the demandants alleged, that, *Elcy Knight* was formerly the wife of *James Mains*, deceased, and that the said *James Mains* during the coverture of the said *Elcy* with him, was seised of a lot of land on the *Cape*, lying between the towns of *Standish* and *Windham*, being lot numbered five, containing sixty acres, in which lot she claimed her dower.

The defendant, pleaded that the said *James Mains* was never seised during the coverture; upon which, issue was joined.

It appeared, that *James Mains* moved on the lot in question, fifteen or sixteen years ago, and continued to reside there with his family until his death — that, he erected a house and barn, improved the premises by tillage, pasturing and cutting hay; and called the place his property, though it was understood to be State's land. He died about six years ago, at which time, the tenant who was his son, lived with him.

The tenant offered in evidence, an agreement between *James Mains* and *James Irish*, Land Agent for the State, dated *Dec.* 27, 1824, in which the said *Irish* agreed to convey the land in question to *Mains*, on his paying certain specified sums.

The demandants offered in evidence a deed from *Daniel Rose*, Land Agent for the State, to the tenant, dated *January* 22, 1833, containing the following reservation, *viz :* " Reserving however, to *Elcy Knight*, now the wife of *John Knight* of said *Gore*, and formerly the wife of said *James Mains*, a life estate in the same

to one third thereof, in the same manner she would have been entitled to her right of dower in the premises, if her former husband, *James Mains,* had died seised of the same in his own right, and she shall be entitled to the privilege of having the same set off to her in the same manner she would have been had the said lot been the property of said *James Mains* at the time of his decease."

A verdict was taken for the demandants, subject to the opinion of the whole Court, upon the case as reported.

*Fessenden* and *Deblois,* for the tenant, contended that *James Mains* was never so seised of the land as to entitle his wife to dower therein. He was not in, claiming adversely to the State, but under the State, as appears by the articles of agreement entered into with the Land Agent in 1824. But if he went on as an intruder, still the State could not be disseised; and therefore he acquired no such seizin as would entitle the wife to dower. *Ward* v. *Bartholomew,* 6 *Pick.* 409; *Little* v. *Libby,* 2 *Greenl.* 242; 5 *Cruise on Real Estate,* 369; *Eldridge* v. *Forrester,* 7 *Mass.* 253; *Williams* v. *Amory,* 14 *Mass.* 20; *Holbrook* v. *Finney,* 4 *Mass.* 566; 1 *Cruise,* 182.

The demandant in this case is not aided by the reservation in the deed to the tenant. She claims dower at common law — and if the husband had no estate, she could acquire no right to dower under him. *Wentworth* v. *Wentworth,* Cro. *Eliz.* 450; 1 *Com. Dig.* 190; *Windham* v. *Portland,* 4 *Mass.* 388; *Fosdick* v. *Gooding,* 1 *Greenl.* 30.

*Longfellow,* for the demandants, cited *Newhall* v. *Wheeler,* 7 *Mass.* 189; *Snow* v. *Stevens,* 15 *Mass.* 278.

PARRIS J. — The only question, in this case, is, whether the evidence shews such a seizin, in *James Mains,* of the premises in which dower is claimed by the demandant, as entitles her to maintain this action against the tenant.

Possession is evidence of seizin; and the seizin of the husband is proved by shewing his actual possession of the premises. 2 *Phil. Ev.* 187.

It is sufficient for the widow to shew that her husband had been in possession during the coverture, and it is then incumbent

on the defendant to prove a paramount title in himself. *Forrest* v. *Trammell*, 1 *Bailey's Rep.* 77; *Jackson* v. *Waltermire*, 5 *Cowan*, 299.

*James Mains* was seised against all persons and claims, except the State. He had been in possession fifteen or sixteen years, resided on the premises with his family, erected a house and barn thereon, occupied the land by tilling, pasturing, cutting hay, and claimed it as his own, calling it his property.

Surely this is all the evidence of seizin that would have been required to enable *James Mains* to maintain a writ of entry against any person who, without title, had interrupted his possession. As against the State he was not seised, but as against all persons not deriving title under the State he was seised, and could, by legal remedy, have protected his seizin and possession; and as the dowress is in of the estate of her husband, her claim, which is the favorite of the common law, would be equally protected.

This is analogous, in principle, to the decisions giving to the widow of a mortgagor, dower in the lands mortgaged against any except the mortgagee and those claiming under him. So long as the mortgagee does not exert his right of entry or foreclosure, the mortgagor is regarded as seised in respect to all the world but the mortgagee and his assigns, and the widow of the mortgagor is entitled to dower, liable, however, to be defeated by the entry of the mortgagee.

The tenant, in the case at bar, is not aided by his conveyance from the State, for in that the widow's rights are expressly recognised, and the tenant stands in the same situation he did previous to that conveyance. — It is true, as contended by his counsel, the reservation in the deed from the State to him does not give *dower* to the widow, but the deed confers no rights upon him, as *against* the widow, to defeat her claim to dower. Without that deed, he, being a stranger, clearly could not interrupt her in the enjoyment of dower. Under it, he cannot because of the reservation, which secures to her the right of "having the same set off to her in the same manner she would have had, if the lot had been the property of *James Mains* at the time of his decease." By accepting a conveyance from the State with

this reservation, the tenant has precluded himself from the opportunity of exercising towards his mother, a power by which, while *he* might be enriched, *she* would be deprived of a shelter and a home.

We believe that the honest arrangement, made between the State and the tenant, in favor of his mother, can be substantially enforced under this action, without doing violence to any settled principles of law.