# CASES

# SUPREME JUDICIAL COURT,

# COUNTY OF KENNEBEC,

## 1850.

INHABITANTS OF SCHOOL-DISTRICT No. FOUR, IN WINTHROP, *versus* BENSON & als.

A possession of land, open, notorious, adverse and exclusive, indicates a claim of right, and will constitute a disseizin, unless controlled or explained by other testimony.

Such a possession continued for twenty years, uncontrolled or explained by testimony, is as effectual to pass the title as a deed would be.

A disseizor may surrender his possession to the disseizee, at any time before his disseizin has ripened into a title, and thus put an end to his claim.

When the title has been perfected by a disseizin, so long continued as to take away the right of entry, and bar an action for the land, that title cannot be devested by a parol abandonment or relinquishment.

WRIT OF ENTRY. There was evidence tending to prove that the land formerly belonged to the ancestor of the defendants; and that the plaintiffs had occupied a portion, or the whole of it for more than forty years, for a school-house, woodshed and woodyard. It was proved, that a wooden school-house was erected there by the plaintiffs in 1802; it was taken down and a brick school-house was built in 1818 on the lot, near the site of the wooden one. A woodshed was placed near the brick school-house in 1824. In 1847, one Samuel Wood was the school agent. He was called by

the defendants as a witness, and testified that he procured the woodshed to be removed in the spring of 1847 from the north-westerly end of the school-house to the back side of the school-house at the other end ; that he found the building must be removed ; that it had been on another man's land on sufferance ; 'that the defendants asserted a title, and showed it to him, and required the building to be removed ; that he became satisfied the district had no title to the land, and that he removed the building for that reason. That the expense of removing it was $25, which was paid by the town, out of the money assigned to that district.

The plaintiffs objected to said Wood's testimony as not legally admissible, but the objection was overruled. It appeared, from the records of the district, that in June, 1847, soon after the removal of the shed, they had a meeting and took action for sustaining whatever claim they had to the land.

The defendants in their argument, contended that if, in 1847, the agent of the school-district, at the request of the defendants, removed the woodhouse to its present location, intending to relinquish and give up the land, and the district had subsequently ratified his acts by their conduct or otherwise, of which they were the judges ; then such abandonment, notwithstanding the district might before that time have had an open, adverse, exclusive and notorious possession of the land, or some part of it, for more than twenty years, would operate an abandonment of their possession and a surrender of their claim to the former owners thereof, and the plaintiffs could not recover in this suit. The court, in opposition to the argument of the plaintiffs' counsel, gave such instructions.

The verdict was for the defendants, and the plaintiffs excepted.

_May_, for the plaintiffs.

An open, notorious, adverse and exclusive possession of another person's land, constitutes a disseizin. Such disseizin, continued uninterruptedly twenty years, becomes of itself a

perfect title, as good as any deed could make. One who has acquired such a title can be devested of it only by the mode in which he could be devested of a perfect title acquired by deed. 1 Greenl. Ev. Part 1, § 17.

Wood, the school agent, had no authority to dispose of lands, which the district, in any legal mode, had acquired. He was the agent, not of the district, but of the town. He was chosen by the town. As soon as his doings had become known, the district repudiated them, and did all in their power to regain possession. The instructions presented to the jury the question of ratification, by the district, of the doings of Wood. There was no evidence which called for such instructions, or could justify them.

But, apart from any thing relating to ratification, the instructions were wrong. 14 Pick. 106; 7 Metc. 94; *Hurd* v. *Curtis*, 7 Metc. 97; *Williams* v. *Nelson*, 23 Pick. 141; *White* v. *Crawford*, 10 Mass. 183.

Legal rights once vested must be legally devested; but equitable rights may be lost by abandonment. *Pickett* v. *Dowdall*, 2 Wash. 106.

*Evans*, for the defendants.

The acts of the school agent, in removing the woodshed, are binding on the district, especially after their ratification by paying the bills of expense. If the district could not surrender, except by a corporate act, neither could they disseize but in the same way. They never voted to disseize; all the acts of occupation were but the acts of unauthorized individuals. Disseizin is trespass. Did the district trespass? The individuals who put the buildings there, could remove them.

Rev. Stat. c. 17, § 40, gives school agents the custody of school-houses, with the right to repair.

But, if the plaintiffs' title had been perfected by a disseizin, they might waive it, as one might waive a forfeiture. They are not compellable to set it up; they may retire and leave.

The gentleman mistook when asserting that there was no evidence of ratification by the district. Their payment of

the expenses, incurred in removing the shed, was a ratifica-
tion. A title by disseizin is not an absolute one, though it
may be perfected at the election of a disseizor. Waiver or
abandonment is to be regarded as evidence, that the possession
was not adverse.

WELLS, J. — The jury were instructed, that if, in 1847, the·
agent of the school-district, at the request of the defendants,
removed said woodhouse where it now is, intending to re-
linquish and give up the land, and the district had subse-
quently ratified his acts by their conduct or otherwise, of
which they were the judges, then such abandonment, notwith-
standing the district might before that time have had an open,
adverse, exclusive and notorious possession of the land, or
some part of it, for more than twenty years, would operate an
abandonment of their possession, and a surrender of their
claim to the former owners thereof, and the plaintiffs could
not recover the said land in this suit.

It is true, that a mere possession of land of itself does not
necessarily imply a claim of right. The tenant may hold in
subjection to the lawful owner, not intending to deny his·
right or to assert a dominion over the fee. But the terms
open, notorious, adverse and exclusive, when applied to the
mode in which one holds lands, must be understood as indi-
cating a claim of right. They constitute an appropriate defi-
nition of a disseizin, and the acts which they describe, will
have that effect if not controlled or explained by other testi-
mony. *Little* v. *Libbey*, 2 Greenl. 242; *The Proprietors of
Kennebec Purchase* v. *John Springer*, 4 Mass. 416. An
adverse possession entirely excludes the idea of a holding by
consent.

If the plaintiffs have held the premises by a continued dis-
seizin for twenty years, the right of entry by the defendants
is taken away, and any action by them to recover the same, is
barred by limitation. Stat. c. 147, § 1.

' A legal title is equally valid when once acquired, whether it
be by a disseizin or by deed, it vests the fee simple although

the modes of proof when adduced to establish it may differ. Nor is a judgment at law necessary to perfect a title by disseizin any more than one by deed. In either case, when the title is in controversy, it is to be shown by legal proof, and a continued disseizin for twenty years is as effectual for that purpose as a deed duly executed. The title is created by the existence of the facts, and not by the exhibition of them in evidence.

An open, notorious, exclusive and adverse possession for twenty years, would operate to convey a complete title to the plaintiffs, as much so as any written conveyance. And such title is not only an interest in the land, but it is one of the highest character, the absolute dominion over it, and the appropriate mode of conveying it is by deed.

No doubt a disseizor may abandon the land, or surrender his possession by parol, to the disseizee, at any time before his disseizin has ripened into a title, and thus put an entire end to his claim. His declarations are admissible in evidence to show the character of his seizin, whether he holds adversely or in subordination to the legal title. But the title, obtained by a disseizin so long continued as to take away the right of entry, and bar an action for the land by limitation, cannot be conveyed by a parol abandonment or relinquishment, it must be transferred by deed. One, having such title, may go out of possession, declaring he abandons it to the former owner, and intending never again to make any claim to the land, and so may the person who holds an undisputed title by deed; but the law does not preclude them from reclaiming what they have abandoned in a manner not legally binding upon them. A parol conveyance of lands creates nothing more than an estate or lease at will. Stat. c. 91, § 30.

*The exceptions are sustained*
*and a new trial granted.*