## LOUISA L. TRAIP *vs.* LYDIA TRAIP.

A person who has conveyed land by deed of warranty may acquire a subsequent title thereto by disseisin.

DICKERSON, J. DOWER ON REPORT. The case finds that Robert W. Traip was married to the plaintiff May 13, 1846; that he was seized of the premises in fee-simple in his lifetime; that he occupied them during coverture, and was in possession of them at the time of his death, Nov. 10, 1864.

These facts are sufficient to entitle the plaintiff to dower in the premises, unless the defendant shows a paramount title. *Knight* v. *Mains*, 12 Me. 41.

The plaintiff's evidence further shows, that Robert W. Traip was in possession of the premises more than twenty years next preceding his death. A portion of the time he and his wife boarded in Boston during the winter, and, returning, passed the summer on

the premises. He paid the taxes, claimed and used the premises as his own, built another house there, pointed out the boundary between them and land of defendant, and declared his purpose never to sell the homestead. There is no evidence that the defendant, or any other person, in any way interfered with, or called in question his right of possession and control of the premises during the twenty years next preceding his death.

This evidence negatives the theory that he occupied in subordination to the title of another. Such open, notorious, exclusive, and adverse possession would have given him a perfect title to the premises, though he had never had any deed of them. *School District in Winthrop* v. *Benson*, 31 Me. 381.

A party may reacquire title to property that he has once parted with, by the same process through which he might have originally acquired it; and if Robert W. Traip conveyed the premises in question by deed to the defendant, and for twenty years thereafterwards held open, notorious, exclusive, and adverse possession of them, he reacquired title to them as effectually as though she had reconveyed them to him. The evidence in the case, as we have seen, establishes such possession. The only evidence to the contrary is that which comes from the defendant, who testifies that she heard him tell his wife that he was only a tenant, and did not own the place. If he ever made use of the language it was during one of those paroxysms of ill feeling which seems to have sprung up between him and his wife, and resulted in their separation. It would be unsafe to allow such a remark to rebut the force of a series of unequivocal acts and expressions, covering a period of more than twenty years.

It is unnecessary to decide whether the deed from Robert W. Traip to the defendant was ever delivered, as we are satisfied that, if it was delivered, the subsequent open, notorious, exclusive, and adverse possession of the premises by the grantor, for more than twenty years, revested the title in him. Having failed to assert her title to the premises, and acquiesced in the adverse possession of her alleged grantor for a period of more than twenty years after

the date of her deed, it is too late for the defendant to defeat the plaintiff's claim for dower, in the mode proposed.

*Judgment for the plaintiff in dower.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.

*Howard & Cleaves,* for the plaintiff.

*Hackett,* for the defendant.