BRIDGET WHEELER v. DEVEREAUX SMITH.

*Dower—Sufficiency of plaintiff's claim.*

A claim of dower is *prima facie* established by evidence that the widow's husband had possession under a warranty deed and made improvements, claiming ownership; and this evidence of title is sufficient, as against a person showing no better right, without proving the chain of title under which the husband came into possession. But such proof, though irregularly put in, would do no injury.

Error to Livingston. (Newton, J.)  Jan. 12.—Jan. 18.

EJECTMENT.  Defendant brings error.  Affirmed.

*D. Shields* and *L. S. Montague* for appellant.

*J. L. Topping* for appellee.

COOLEY, J.  Action for dower.  The plaintiff on the trial showed that she was the widow of William Wheeler, deceased, and offered what appeared to be a regular chain of conveyances from the United States to her husband of the land in controversy.  The several conveyances were objected to for various supposed defects, but were all

received. She also proved that her husband went into possession of the land in 1857, under the deed to him, which was a deed of warranty; that he cleared off timber, built a house and raised crops on the land for three years, and that after owning it for several years he sold the land and conveyed it by a deed in which she did not join. She also proved that defendant was in possession when suit was instituted. The defendant showed no right in himself, but relied on the defects pointed out in the chain of title put in evidence by the plaintiff. The judge directed a verdict for the plaintiff.

The judge was right in this direction whether the deeds were or were not proved. Possession under the warranty deed and the making of improvements with claim of ownership was sufficient *prima facie* evidence of title in the husband for the purposes of a claim of dower, as against a party showing no better right. The plaintiff was under no necessity of going farther: *Embree v. Ellis* 2 Johns. 119; *Carpenter v. Weeks* 2 Hill 341; *Forrest v. Trammell* 1 Bailey 77; *Knight v. Mains* 12 Me. 41; *Mann v. Edson* 39 Me. 25; *Griggs v. Smith* 12 N. J. 22; *Reid v. Stevenson* 3 Rich. 66; but the other proofs, if irregularly put in, could do no injury. We do not intimate, however, that the objections made to the deeds were of force. We say nothing on that subject.

The judgment must be affirmed with costs and the record remanded.

The other Justices concurred.