JOHN PICKEN
*vs.*
GEORGE DEWEY RICHARDSON ET AL.

Lincoln.    Opinion, December 12, 1950

*Harvey R. Pease,* for plaintiff.

*Alan L. Bird,*
*Samuel W. Collins, Jr.,* for defendant Richardson.
*Philip G. Willard,* for defendant Engewald.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.    This case comes before this court on exceptions by the plaintiff from the Superior Court of Lincoln County.   There, the cause, which was a writ of entry, was heard by the court without a jury and judgment was for the defendants.   By agreement of the parties the case was

submitted to the court for findings and decision upon nine certain agreed stipulations made a part of the record. From the agreed stipulations substantially the following facts appear:

The predecessors in title of the defendants owned a good record title in fee simple in and to the property in dispute and the present defendants, by deed or inheritance, have acquired the title then owned by their predecessors unless lost by them by the effect of tax title, abandonment or adverse possession.

The issue of whether or not the defendants' title was destroyed and accrued to the plaintiff was left open. The predecessor in claim of title to the now plaintiff acquired a tax deed on the first Monday of February, 1928, from the tax collector of the town of Westport of the premises in dispute and it is agreed that said tax deed was invalid and insufficient to convey a legal title to the property. The question of whether said town of Westport ever entered into possession of the property in dispute is left open but it is agreed that if it did so it was under such color of title as was contained in said tax deed.

It was also agreed that the plaintiff contends that he was entitled to offer evidence that during the period after the first Monday of February, 1928, the defendants, and more particularly their predecessors in title, abandoned the property in dispute and all their title thereto by non-user, non-entry, non-payment of taxes, and all other acts claimed by the plaintiff to be indicative of a legal abandonment of title. To the offer of proof the defendants objected upon the ground that there can be no legal abandonment of title in fee simple other than by formal grant, valid and legal tax process, or adverse possession continued for a period sufficient to create a title in fee simple in another and that, therefore, all evidence so offered by the plaintiff would be immaterial and inadmissible. The court ruled in support

of defendants' objection and excluded the testimony and allowed the plaintiff his exception which will be more fully commented upon later in this opinion.

It was further stipulated that both plaintiff and defendants would be permitted to adduce evidence as to whether or not after the first Monday of February, 1928, the plaintiff and his predecessors in title did in fact acquire title in the property in dispute by virtue of adverse possession continued for twenty years or more.

It was further agreed that the rulings of the court as to the admissibility of the questions set forth in a certain deposition of Harry C. Taft, a predecessor in title of the defendants, filed in this case, together with the exceptions taken by the plaintiff and allowed by the court are fully set forth in the stipulation.

It was further stipulated that on the first Monday of February, 1928, the title in the disputed property in fee simple was held and owned by Harry C. Taft and Clayton H. Taft, brothers, as tenants in common and undivided; that Clayton H. Taft died in 1947, intestate, leaving no widow and as his sole heir a daughter, Arlene B. Engewald, the present co-defendant, and that by deed dated October 17, 1949, and duly recorded in Lincoln County Registry of Deeds Harry C. Taft conveyed his one-half interest in common and undivided to George Dewey Richardson, co-defendant in this case.

It was further agreed that a deed from the inhabitants of the town of Westport to the plaintiff, John Picken, was offered and admitted without objection and is a part of the agreed stipulation.

It was further stipulated that the books of inventory and valuation of the polls and estates maintained in the office of the tax assessors for the town of Westport for the year 1928, carries the following statement written in ink and in longhand: "Land bounded on (n) by Clyde Street, norther-

ly across the common to north line of Echo Home, easterly to said north line to low water mark as shore runs to point begun at, being the easterly portion of Echo Home. as per plan"; that in the column of said page headed "Valuation of Land Dollars" there appears opposite the foregoing description in ink and longhand the figures "300"; and the same figures appear in the column under the heading "total Value of Real Estate Dollars" opposite said description; there appears in the left hand margin on said page opposite said description the words in ink and longhand "Taft, Alice M." through which three parallel pencil lines have been drawn by person or persons unknown; that under said caption "Taft, Alice M." there appears in pencil longhand, written by person or persons unknown, the words "sold to Town"; that the books and records kept by the Assessors of the town of Westport subsequent to 1928 failed to disclose that said property was ever taxed to anyone thereafter.

It was further agreed that a deed from Harry C. Taft to the defendant, George D. Richardson and being the same deed referred to in the deposition of Harry C. Taft is admitted without objection and is a part of the stipulation.

With respect to findings of fact by a justice sitting without a jury our court said in *Graffam* v. *Casco Bank & Trust Co.,* 137 Me. 148, 151, 16 A. (2nd) 106:

> "It has long been definitely established as law in this state that 'findings of fact by a Justice sitting without a jury so long as they find support in evidence are final.' *Ayer* v. *Railway Co.,* 131 Me. 381, 163 A. 270, 271, and cases therein cited."

In the instant case there was ample credible evidence to support the findings of fact by the sitting justice and his decision, judgment for the defendants, so far as the facts are concerned is conclusive unless the exceptions set forth in the bill of exceptions, which are six in number, are errors of law which have prejudiced the plaintiff.

Exception No. 1 deals with the third stipulation which relates to the offer of the plaintiff to introduce evidence of legal abandonment of title by the predecessors in title of the defendants. Upon objection by the defendants the court ruled that no testimony relating to a claim of abandonment could be offered and allowed the plaintiff an exception. This exclusion of the offered testimony raises a question of law which, simply stated, is as follows: Can the holder of good record title in fee simple abandon that title? It is stipulated that the predecessors in title of the defendants had good title unless it had been lost by the effect of legal tax title, abandonment or adverse possession, and the court found by its decision no tax title, no adverse possession, and, having excluded evidence of abandonment, the ruling of the court, if correct, would seem to finally decide the question.

An examination of the authorities, both in text books and the reported decisions, reveals by the great weight of authority that a good legal fee simple title cannot be lost by abandonment.

*Thompson on Real Property, Permanent Edition,* Vol. 5, Sec. 2567, Page 313, contains in part the following:

> "x x x No legal title to corporeal real property can be lost or destroyed by any act of abandonment on the part of the owner. Thus one is not divested of title by reason of the fact that for many years he was unaware of his interest in the land and practically abandoned it when his title was a matter of record. x x x, hence a vested fee simple title to real estate cannot be abandoned; x x x Once title vests it stays vested until it passes by grant, descent, adverse possession, or some operation of law such as escheat or forfeiture. x x x"

To the same effect see 1 *Corpus Juris Secundum,* Page 13, Sec. 5. In 1 *American Jurisprudence,* Abandonment, Sec. 6, Page 5 (1936), the following statement is made:

> "As to real property, the general rule is that where the state has passed a perfect legal title, the doctrine of abandonment is not applicable thereto, and that the title vested in the grantee cannot be affected or transferred by his act in departing from the land and leaving it unoccupied, or otherwise ceasing to exercise dominion over it. If the title is perfect and complete, the mode by which the particular individual acquired it is not material as regards the matter of abandonment by him. A title acquired by prescription can no more be lost by abandonment than a title acquired by deed or descent from the true owner, though, of course, if a person in the adverse possession of land relinquishes it before the expiration of the statutory period, the continuity of his possession is thereby broken and the statute consequently ceases to run."

*Tiedeman on Real Property*, 4th Edition, Sec. 516, Page 735, under the title Abandonment in part states the following:

> "But no legal title of a corporeal hereditament may be lost or destroyed by any act of abandonment, x x x. A legal title, properly vested, can only be divested when the circumstances of the case are sufficient to raise an estoppel, or where the possession is acquired by one in consequence of an abandonment, and held by him under claim of title for the period of limitation. The title, although not lost by abandonment, would be barred by estoppel or by the Statute of Limitations."

Further examination of the decided cases, particularly including those of Pennsylvania, New Jersey, and many others, discloses that a perfect legal title cannot be lost by abandonment except through adverse possession taken by another and held for the period of the Statute of Limitations. See *Kreamer* v. *Voneida,* 213 Pa. 74, 62 A. 518 (1905). *Byrne* v. *Byrne et al,* 123 N. J. Eq. 6, 195 A. 848 (1938) affirmed 1 A. (2nd) 464. The Massachusetts court in *Dyer* v. *Siano,* 298 Mass. 537, 11 N. E. (2nd) 451 (1937), was to the same effect and the opinion discloses that an ex-

haustive research was made by the court in which reported cases, not only from the Massachusetts courts but from many other courts, including our own courts, were examined and cited.

Our court in *School District No. 4,* in Winthrop, v. *Benson et als,* 31 Me. 381, 384 and 385, had occasion to examine the effect of an alleged abandonment of certain premises which had been used by the plaintiffs for school purposes for a period of more than twenty years openly, notoriously, adversely and exclusively. Our court said in part:

> "If the plaintiffs have held the premises by a continued disseizin for twenty years, the right of entry by the defendants is taken away, and any action by them to recover the same, is barred by limitation. x x x A legal title is equally valid when once acquired, whether it be by a disseizin or by deed, it vests the fee simple although the modes of proof when adduced to establish it may differ. x x x An open, notorious, exclusive and adverse possession for twenty years, would operate to convey a complete title to the plaintiffs, as much so as any written conveyance. And such title is not only an interest in the land, but it is one of the highest character, the absolute dominion over it, and the appropriate mode of conveying it is by deed. x x x But the title, obtained by a disseizin so long continued as to take away the right of entry, and bar an action for the land by limitation, cannot be conveyed by a parol abandonment or relinquishment, it must be transferred by deed. x x x A parol conveyance of lands creates nothing more than an estate or lease at will. x x x"

In *Phinney* v. *Gardner et als.,* 121 Me. 44, 46 and 47, 115 A. 523, title to a lot of land was in issue. Plaintiff claimed he had acquired title by adverse possession and abandonment by the defendants. On the question of abandonment our court held that the doctrine of abandonment was not applicable to this case and said:

"There is no opportunity for the application of the doctrine of abandonment in the case at bar. 'The characteristic element of abandonment is the voluntary relinquishment of ownership, whereby the thing so dealt with ceases to be the property of any person and becomes the subject of appropriation by the first taker.' 1 *R. C. L.*, Page 2. The term is used in connection with personal property, inchoate and equitable rights, and incorporeal hereditaments, but 'at common law a perfect legal title to a corporeal hereditament cannot, it would seem, be lost by abandonment.' 1 *C. J.*, Page 10. Its very essence is inconsistent with the attributes of real estate."

It thus appears that the common law rule which has been followed by our court is that a perfect legal title cannot be lost by abandonment. This being so, the ruling of the court in excluding the offered evidence was correct, as under our law it was not material to the issue and inadmissible.

Exceptions No. 2, 3, 4 and 5 relate to the fifth stipulation in the record and concern the admissibility of certain questions and answers contained in the deposition of Harry C. Taft which was duly admitted and became a part of the record. The questions and answers to Exceptions No. 2 and 3 were admitted by the court for the limited purpose of showing no interruption in adverse possession of the plaintiff. We fail to see any reason why the plaintiff was prejudiced by the admission of the questions and answers or the ruling of the court thereon. Exception No. 4, which involves a question and answer contained in said deposition and called for a conclusion of law was properly excluded. Exception No. 5 is governed by what we have said with respect to Exceptions No. 2 and 3.

Exception No. 6 sets forth the entire findings and decision of the court and the plaintiff attempts to except thereto. He takes nothing by this exception because it does not conform to our practice with respect to exceptions. It does not present in clear and specific phrasing the issues of

law to be considered. The presentation of a mere general exception to a judgment rendered by a justice at *nisi prius* does not comply with the statute. See *Gerrish, Executor* v. *Chambers, et al.*, 135 Me. 79, 189 A. 187. The mandate will be:

*Exceptions overruled.*
*Judgment affirmed.*