1998 ME 280

## TOWN OF SEDGWICK

v.

## Russell H. BUTLER et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 20, 1998.

Decided Dec. 30, 1998.

James E. Patterson, Ellsworth, for plaintiff.

Frank B. Walker, Ellsworth, for defendants.

Before CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Russell Butler appeals from a judgment entered in the Superior Court (Hancock County, *Marsano, J.*) declaring that the Town of Sedgwick is the owner in fee simple of a parcel known as the Town landing. Butler contends that the Town did not acquire the parcel in fee simple and has abandoned all rights it may have had in the land pursuant to 23 M.R.S.A. § 3028 (1992) and the common law doctrine of abandonment. We affirm the judgment.

[¶ 2] In 1790, in accordance with a resolve of the General Court of Massachusetts, 1786 MASS. LAWS & RESOLVES ch. 130, the Proprietors of Sedgwick laid out a town plan which reveals a parcel of land, approximately one acre in size, at the head of Billings Cove and a strip of land three to four rods wide running from the northwesterly corner of the parcel to what is today the town road to Byard's Point. In 1879, thirty-seven citizens of the Town petitioned the Hancock County Commissioners to establish a road leading to Billings Cove and to reestablish the boundaries to the landing designated on the 1790 Town plan. The commissioners responded to the petition by establishing a road and reestablishing the Town landing, and describing their boundaries as follows:

> Beginning at a stake on the east side of the road leading to Byard's point thence South 3$ West 16 rods to a stake or stone, the road to be three rods wide, the line to be the East side of the road—Thence South 70½$ East 23 rods to a stake or stone, thence South 3$ West 6 rods or to the shore, the last two bounds reestablishing the Town landing.

Attached to this metes and bounds description is a map of the Town landing and road.

[¶ 3] In 1804, John Byard conveyed the land surrounding the Town landing to Solomon Billings, explicitly reserving "one acre [and a] half for a Town landing and road ...." In 1821, Billings conveyed the same parcel with the same reservation to Amaziah Roberts. The first deed in the chain of title to include explicitly the parcel known as the Town landing was a straw deed from Butler to Rosalind Luning in 1978.

[¶ 4] In 1977, the Town created a tax map for the first time. On the map, a parcel consisting of the Town landing and a strip of land leading to the landing is labeled lot 17A. Butler's property, labeled lot 17, is shown as separate from the Town landing. The Town's first selectman, Neil Davis, testified that the Town's tax assessment records indicate that the Town owns lot 17A. He also testified that Butler's property tax assessment did not include lot 17A until 1989. Butler's tax assessment did include lot 17 and 17A for the years 1989 to 1992. Thereafter, the Town adjusted the assessment to exclude lot 17A.

[¶ 5] Butler contends that the Town did not acquire the parcel in fee simple and has abandoned all rights to the land. Because the evidence supports the court's conclusion that the Town owns the parcel in fee simple, we disagree. First, the 1790 Town plan, the 1879 Commissioner's map, and the 1977 tax map indicate that the Town reserved a parcel at the head of Billings Cove known as the Town landing and a strip of land leading to the landing. Second, for almost two centuries, the deeds conveying the parcel of property surrounding the Town landing explicitly excluded "one acre [and a] half for a Town landing and road." The only deed that included this parcel was the 1978 straw deed conveyed by Butler. Finally, the Town's tax assessor testified that the Town's tax assessment records indicate that the Town owns this parcel.

[¶ 6] Given that the Town owns the parcel in fee simple, the court was correct in concluding that the Town could not have abandoned the parcel. "[T]he common law rule ... is that a perfect legal title cannot be lost by abandonment." *Picken v. Richardson*, 146 Me. 29, 36, 77 A.2d 191, 194 (1950). The doctrines of abandonment, therefore, are inapplicable to the land in dispute. Moreover, the common law rule that "one cannot assert a claim of title by adverse possession against a municipality" precludes any claim based on adverse possession. *Flower v. Town of Phippsburg*, 644 A.2d 1031, 1032 (Me.1994) (citing *Phinney v.*

*Gardner*, 121 Me. 44, 48–49, 115 A. 523, 525 (1921)).

The entry is:

Judgment affirmed.