STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 MAR 15 A 9: 00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-741

RALPH K. BANKS and
MARJORIE LAVIGNE

Plaintiffs

v.

ORDER ON DEFENDANT'S
MOTION TO DISMISS

THE INHABITANTS OF
THE CITY OF SOUTH
PORTLAND

Defendants.

APR 25 2005

This matter is before the court on the defendant's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

The plaintiffs, Ralph K. Banks and Marjorie Lavigne, are the owners of property in South Portland located on the Southerly side of Surfsite Road. The plaintiffs' property is comprised of all of Lot 11 and part of Lot 10 in Block 7 as shown on a plan entitled "Plan of South Portland Heights" recorded in the Cumberland County Registry of Deeds. The Plaintiff Ralph Banks acquired his property on April 18, 1971 by virtue of a warranty deed from Everett and Grace Tupper. The plaintiff Marjorie Lavigne has owned an interest in the property since December 2, 2004 by a Warranty Deed of plaintiff Ralph K. Banks. The defendant, the City of South Portland, is the owner of Lots 12 and 13 in Block 7, having acquired its interest in the property by a Quitclaim Deed dated June 20, 1968.

Plaintiffs allege that they have acquired a prescriptive easement in a fifteen-foot wide right-of-way adjacent to Surfsite Road and running across defendant's Lots 12 and 13. Plaintiffs allege that they and their predecessors in interest have used this fifteen-foot wide right-of-way with the knowledge of the owners of the right-of-way continuously and in an open, notorious manner on a consistent basis since November 14, 1958 for ingress and egress to the rear of Lot 11. Because they allege that their use has been open, notorious, and uninterrupted for a period exceeding twenty years, plaintiffs ask this court to: (1) declare that the plaintiffs have a prescriptive easement over the land of the defendant for their use for traversing the property; (2) enjoin the defendants from interfering with the plaintiffs' right to use and enjoy the right-of-way; (3) order that the judgment be recorded in the Cumberland County Registry of Deeds; and (4) award plaintiffs costs and attorney's fees.

## DISCUSSION

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, the court considers allegations of the complaint as if they were admitted and in the light most favorable to the plaintiff. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 7, 843 A.2d 43, 47. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994) (quoting Hall v. Bd. of Envtl. Prot., 498 A.2d 260, 266 (Me. 1985)).

In Maine, in order to establish a prescriptive easement the plaintiff must prove by a preponderance of the evidence: (1) continuous use of the servient estate (2) for at least twenty years, (3) under a claim of right adverse to the owner of the servient estate, and (4) with either the knowledge and acquiescence of the owner of the servient estate or a use so open, notorious, visible and uninterrupted that knowledge and

acquiescence will be presumed. *Eaton v. Town of Wells,* 2000 ME 176, ¶ 32, 760 A.2d 232, 244. *See also* 14 M.R.S.A. § 812 (2003). The plaintiffs have alleged that they, and their predecessors in interest, have met the above requirements for a prescriptive easement by virtue of open, notorious and uninterrupted use of the right-of-way since 1958. *See Gutcheon v. Becton,* 585 A.2d 818, 822 (Me. 1991) ("Continuity of use [for the purposes of establishing a prescriptive easement] may result from 'tacking' of successive periods of use when there is evidence of privity of title between successive users.").

In support of its motion to dismiss, however, defendant contends that plaintiffs' claims are precluded by "the common law rule that one cannot assert a claim of title by adverse possession against a municipality." *Town of Sedgwick v. Butler,* 1998 ME 280, ¶ 6, 722 A.2d 357, 358 (citations omitted). Defendant argues that plaintiffs are unable to allege adverse position for the statutorily required number of years given that, under Maine law, where a municipality has owned a parcel in which a right is claimed through adverse possession or prescriptive easement for a portion of the claimed time period, the period of time during which the municipality owns the property cannot be counted as part of the statutory period. Def.'s Mot. to Dismiss at 2 (citing *Loavenbruck v. Rohrbach,* 2002 ME 73, ¶ 14, 795 A.2d 90, 94). Because defendant has owned the property since 1968, defendant argues that the only time period that may be counted for the purposes of calculating the time necessary for a claim of prescriptive easement is from 1958, when plaintiffs claim their predecessors in interest began using the right-of-way, to 1968 when defendant acquired the property – or ten years. Defendant therefore argues that plaintiff has not, and cannot, state a claim upon which relief can be granted.

Although plaintiffs generally concede that claims of prescriptive rights over property owned by a governmental entity are precluded under Maine law, they argue that under an exception to the common law rule adopted in some other jurisdictions, land owned by a municipality that is not held for a public use is subject to claims of

3

adverse possession or prescriptive easement. Because, according to plaintiffs, the defendants have not made use of the property or held it for the benefit of the public, under this exception plaintiffs' claims are not barred and the motion to dismiss should be denied. *See* Powell, *The Law of Real Property* § 91.11[2] (citing *Goldman v. Quadrato*, 114 A.2d 687 (Conn. 1955); *McInnis v. Hampton*, 288 A.2d 691 (N.H. 1972) in support of the proposition that some "courts ... hold that land held by state or local government for a proprietary or nonpublic purpose may be adversely possessed"). Powell, *The Law of Real Property* § 91.11[2].

The public policy issues behind the common law rule are widely recognized and important. As the commentary to section 2.17 of the RESTATEMENT (THIRD) OF SERVITUDES explains:

> Among the reasons for the rule are that government lands are extensive and difficult to monitor for intruders. Monitoring efforts may not be effective because of overlapping or nonexistent bureaucratic responsibility, or because the people in charge lack strong incentives to act diligently, or because of corruption. The public interest in preserving government-owned lands and lands devoted to public uses outweighs the claims of prescriptive users. Denying prescriptive rights, even for very long continued uses, protects both public land resources and the public interest in avoiding corruption by insisting on documented conveyances of interests in public lands.

RESTATEMENT (THIRD) PROPERTY: SERVITUDES § 2.17 cmt. e (2000).

Further, "[s]ince servitude uses that give rise to prescription claims are generally less obvious than the possession that gives rise to an adverse-possession claim, the practical ability of government officials to detect and interrupt adverse uses is even less than in adverse-possession cases." *Id.* The Law Court's recognition of the common law rule embraces the public policy concerns outlined above and serves to protect and preserve public land.

Plaintiffs are correct, however, that some jurisdictions have recognized an exception to the rule and allowed adverse possession claims against government

owned property when the circumstances surrounding the government's use of the servient property do not further the public's interests. *See id.;* and Powell, at § 91.11[2]. In *Am. Trading Real Estate Props., Inc. v. Trumbull*, 574 A.2d 796, 800-02 (Conn. 1990), for example, the Supreme Court of Connecticut explained that while "[t]itle to realty held in fee by a state or any of its subdivisions for a public use cannot be acquired by adverse possession[, a] public entity may claim immunity from adverse possession ... only to the extent that the property against which a claim has been asserted is held for public use." *Id.* at 800 (internal quotations omitted). Therefore, where a public entity holds land for a proprietary use or where, by virtue of the use, "the public [is] given no beneficial rights, to be enjoyed presently *or in the future*," no immunity to adverse possession may be claimed by a public entity. *Id.* at 801 (internal quotations omitted). Vermont has adopted a similar exception to the common law rule. *See Jarvis v. Gillespie*, 587 A.2d 981, 987-88 (Vt. 1991).

New Hampshire, however, has largely rejected the exception. *See Kellison v. McIsaac*, 559 A.2d 834, 837 (N.H. 1989). In *McIsaac*, the New Hampshire court, while allowing adverse possession claims against government-owned land held for a proprietary use, adopted a very broad definition of what constitutes land held for "public use," thereby essentially "exempt[ing] all municipal lands from adverse possession claims." *Jarvis*, 587 A.2d at 987 (citing *McIsaac*, 559 A.2d at 837). There, the court explained that "mere retention of title, without more," is a public use for lands owned by a municipality. *McIsaac*, 559 A.2d at 837 (internal quotations omitted).

Although the court recognizes that some other jurisdictions have adopted an exception to the common law rule, it appears that the Law Court has not yet addressed this particular question or its application in Maine. Further, because this court

recognizes the strong public policy interest inherent in the *Nullum tempus occurrit regi*[1] maxim that is the basis for the common law rule, it declines to adopt the exception.

Finally, the court disagrees with plaintiffs' contention, raised at the hearing on the instant motion, that the Law Court's recent decision in *Welch v. State*, 2004 ME 84, 853 A.2d 214 calls into question the continued applicability of the common law rule that government-owned land is immune from claims of adverse possession.

Because it is well established in Maine that no adverse possession or prescriptive easement claim may be maintained against land owned by a government entity, and because defendant's acquisition of Lots 12 and 13 served to interrupt any period of alleged prescriptive use, plaintiffs' claims are precluded and defendant's motion to dismiss is GRANTED.

The entry is

Defendants' Motion to Dismiss is GRANTED.

Dated at Portland, Maine this _15th_ day of ___March___, 2005.

Robert E. Crowley
Justice, Superior Court

---

[1] This Latin maxim, that "no time runs against the state" is the principle upon which government entities' immunity from adverse possession claims is based. See *Stetson v. Bangor*, 73 Me. 357 (Me. 1882) and *Phinney v. Gardner*, 115 A. 523 (Me. 1921). "The purpose of the rule is to fully protect public rights and property from injury." BLACK'S LAW DICTIONARY 1096 (7th ed. 1999).

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

JAMES AUDIFRED ESQ
PO BOX 1005
SACO ME 04072

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

MARY KAHL ESQ
PO BOS 9422
SOUTH PORTLAND ME 04106-9422