EMMA L. LEAVITT, *(by her next friend,) versus* CITY OF BANGOR.

A *prochein ami* is not necessarily one of kin, but may be " any one who will undertake the infant's cause," and is, according to the theory of the law, appointed by the Court.

A *prochein ami* is not, under our statutes, a party to the suit in such a sense as to make him responsible for costs.

Neither *is he so a party to the suit as to have rendered either himself or his* wife incompetent witnesses, prior to the passage of the statute of 1856, c. 266.

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding.

This was an action under the statute for damages sustained by the plaintiff, from a defect in a highway.

The plaintiff offered as witness the wife of the *prochein ami,* who was objected to, and excluded by the presiding Judge.

Exceptions were taken to this and other rulings of the Court, but as this point alone was relied on at the argument, and considered in the opinion in the case, the others are omitted.

*J. A. Peters*, for plaintiff, contended that the witness was improperly excluded. The reason of the exclusion was, that the Court considered her as the wife of a party to the suit. A "next friend" is not a *party*, but merely the *attorney* of a party. The infant is the party.

An infant can neither prosecute nor defend by himself, but must in each case act by attorney. Nor can he select his own attorney. The "next friend" who prosecutes, and the guardian *ad litem* who defends, are both appointed by the Court. And their relation to the infant is precisely the same as a general attorney to a client. The mode of selection is the only difference. In the one case a client selects, in the other the Court selects for the infant client, who is not supposed capable of selecting for himself. A "next friend" usually commences an action by his own mere motion, but it is by an implied permission of Court; and the Court can depose him at any time during the different stages of litigation and appoint another. For the nature of this relation I refer the Court to a learned opinion in the case of *Guild* v. *Cranston*, 8 Cush. 506. The same Court has decided, that the costs of a suit run against the infant, and not against the *prochein ami*. *Crandall* v. *Slaid*, 11 Met. 288.

*Waterhouse*, for defendant.

MAY, J. — One question presented in this case is, whether the wife of the *prochein ami*, she being the mother of the plaintiff, who is an infant, was a competent witness when offered for the plaintiff in this suit; and this question is to be determined by the law as it stood at the time of the trial, which was before the passage of the statute of 1856, c. 266, making parties competent witnesses in civil suits. By the common law, a party, as a general rule, is excluded from

testifying in his own cause, and the wife of such party is alike inadmissible.

A *prochein ami*, or next friend, is not necessarily one of kin, but may be "any person who will undertake the infant's cause;" and according to the theory of the law he is appointed by the Court. Such power of appointment is recognized as existing in any court of common law by our statute. R. S., c. 110, § 33. It has been decided in Massachusetts that such courts may not only appoint, but they have authority to revoke any appointment, even during the progress of a suit. Such authority, both for appointment and revocation, seems to be necessary for the protection of the infant, as he will be bound by the judgment which may be rendered. *Guild* v. *Cranston*, 8 Cush. 506.

The relation of a *prochein ami* to the infant, is similar to that of a guardian *ad litem* to his ward; and no reason is perceived why the recital of the name of the former in the writ, as the next friend of the infant plaintiff, should make him any more a party to the suit, than that the recital of the name of the latter, as guardian *ad litem* for minor defendants, in the pleadings, or its entry upon the docket, should make him a party to such suit. Both are mere agents, appointed either theoretically or in fact by the court, to conduct the business of the suit for the real parties whom they represent. In all such cases, the infant is the real party whose rights are bound by the judgment; and whatever may have been or now is the English law or practice respecting an infant's liability to costs, it is provided by our statutes, (R. S., c. 115, § 56,) that "in all actions the party prevailing shall recover his costs;" and there can be no doubt that such costs are to be recovered of the other party in the suit.

In Massachusetts, it has been held that an infant plaintiff, suing by *prochein ami*, is alone liable as party for the costs. *Smith* v. *Floyd*, 1 Pick. 275. In this case, the court say that, after judgment against the infant plaintiff, the defendant can proceed against the *prochein ami* for the costs; but this ap-

pears to have been upon the ground of his being the indorser upon the writ, and not because he was the actual party. At the time of this decision, the statutes of that State required all writs to be indorsed; and it had been held in the case of *Crossen* v. *Dryer*, 17 Mass. 222, that a *prochein ami* was a plaintiff within the meaning of the statute of 1784, c. 28, § 11, which required the plaintiff or his agent or attorney, to indorse or cause to be indorsed an original writ, which indorsement created a liability for costs. Subsequently, after the passage of the R. S., c. 90, § 10, which required no plaintiff, who was an inhabitant of that State, to indorse his writ or procure an indorser, except by special order of court, the same Court held that a *prochein ami*, as such, was not a party so as to be liable to costs. *Crandall* v. *Slaid & ux.*, 11 Met. 288.

It is said, in the opinion of the Court in the case last cited, that the *dictum* in *Blood* v. *Harrington*, 8 Pick. 552, " that a *prochein ami* is answerable for costs," " is inconsistent with the decision in *Smith* v. *Floyd*," before cited, " and is not supported by any statute on the subject of costs." The statutes of this State in relation to costs, will be found upon examination to be substantially like those of Massachusetts. We think, therefore, that the witness offered ought not to have been excluded on the ground of any interest in her husband, and that he was not a party of record in any such sense as to render him incompetent to testify in the suit. We do not mean to say that a *prochein ami* may not be regarded as a party for certain purposes, such as receiving notices to take depositions and the like, but only that he is not a party in such a sense, as under our statutes, at the time of the trial, would make him responsible for costs.

The exceptions, so far as they relate to the exclusion of the witness, are sustained, the verdict is set aside, and a new trial granted.

TENNEY, C. J., and HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.