GEORGE W. LORD, administrator of W. A. LORD,

*vs.*

SEWELL I. CROWELL.

York. Opinion September 13, 1883.

*Mortgage. Discharge. Amendment.*

Where the endorsee of mortgage notes, comprising the entire mortgage debt, puts them into a judgment and execution against the mortgagor, and levies the same upon the mortgaged premises, the mortgage is thereby extinguished,

though the possession of the premises had been previously delivered by the mortgagor to the mortgagee, and was then held by the grantee of the mortgagee, who, however, never held any part of the mortgage debt.

In such a case the levying creditor may maintain a real action against the grantee of the mortgagee for the possession, and in that action the officer may amend his return of the levy in accordance with the fact.

ON REPORT.

Real action for the possession of certain land in Berwick.

The case shows that Andrew B. S. Morrison mortgaged the premises to W. A. Worster to secure three notes of five hundred dollars each. Mortgage and notes dated July 18, 1868.

Worster endorsed and delivered the three notes to W. A. Lord, plaintiff's intestate, and subsequently, April 2, 1873, Worster conveyed the premises to the defendant by deed of general warranty, he, Worster, having previously received possession of the same from Morrison, and been in possession a year or more, receiving the rents and profits.

The defendant paid Worster nine hundred dollars, which was the full value of the premises. He had no knowledge of the notes or that the title of Worster was any other than fee simple.

The plaintiff sued Morrison on the mortgage notes, April 17, 1880, recovered judgment, January 25, 1881, and levied the execution on the mortgaged premises, February 17, 1881.

The report stipulated that if this action could be maintained, the defendant was to be defaulted with leave to file, and be heard upon, a claim for betterments.

The opinion states other material facts.

*Copeland and Edgerly*, for the plaintiff, cited: *Sanger* v. *Bancroft*, 12 Gray, 365; *Moore* v. *Ware*, 38 Maine, 496; *Johnson* v. *Candage*, 31 Maine, 28; *Moore* v. *Bacon*, 123 Mass. 58; *Porter* v. *King*, 1 Maine, 297; *Crooker* v. *Frazier*, 52 Maine, 406; Jones on Mortgages, 1229; *Whitney* v. *Farrar*, 51 Maine, 418; *Tufts* v. *Maines*, 51 Maine, 393; *Hooker* v. *Olmstead*, 6 Pick. 481; *Holman* v. *Bailey*, 3 Met. 55; *Wilson* v. *King*, 40 Maine, 116; *Hill* v. *More*, 40 Maine, 515.

*G. C. Yeaton*, for the defendant.

Tenant claims that demandant cannot recover for two reasons, to wit: His levy under which he claims is so defective that whatever Morrison's title, when made, it could pass nothing. Morrison had at the time of the levy no title which any levy, however formally perfect, could take as against the grantee of the mortgagee in possession.

The levy is defective because it fails to show notice to the attorney of the non-resident debtor, or to set forth any facts to excuse the want of such notice. R. S., c. 76, § 1; *Wellington* v. *Fuller*, 38 Maine, 61. And because it was not made as R. S., c. 76, § 27, requires a levy upon an equity of redemption to be made. Such a right may be sold by a judgment creditor as provided by R. S., c. 76, § 29, or levied upon under § 27, as construed in *Soule* v. *Buck*, 55 Maine, 30, 32, in one of *two* forms only, viz: First, when "the return shows that the creditor elected to disregard the incumbrance" of the existence of which he *did know;* and second, a provision which this section supplied of a levy, where the existence of the mortgage was *unknown* to the creditor.

In this state a long series of decisions, some of the later of which only will be cited here, have fully established the following propositions:

As between mortgagor and mortgagee, the legal estate is in the latter.

Before breach of the condition in the mortgage the mortgagor cannot maintain a real action for possession of the mortgaged estate against the mortgagee, unless between them there is an agreement to that effect. R. S., c. 90, § 2.

After breach of the condition, the mortgagee is entitled to the possession as against the mortgagor, and this possession in him, or those claiming under him, cannot be disturbed by the mortgagor, or those claiming under him *at law* in any event, whether the mortgage debt remain unpaid or not.

Either before or after breach of the condition the mortgagee, or those who hold under him, may maintain an action *at law* for

possession of the mortgaged premises against the mortgagor or his assignee, unless there be an agreement to the contrary, or the mortgage debt be paid.

The remedy of a mortgagor against a mortgagee, or one who holds under him, in possession after breach of the condition, upon payment of the sum secured by the mortgage, is *in equity* alone. R. S., c. 90, § § 13, 14 ; *Smith* v. *Kelley*, 27 Maine, 237 ; *Huckings* v. *Straw*, 34 Maine, 166 ; *Wilson* v. *Ring*, 40 Maine, 116 ; *Hill* v. *More*, 40 Maine, 515 ; *Stewart* v. *Crosby* 50 Maine, 130 ; *Stinson* v. *Ross*, 51 Maine, 556 ; *Conner* v. *Whitmore*, 52 Maine, 185 ; *Stanley* v. *Kempton*, 59 Maine, 472 ; *Stewart* v. *Davis*, 63 Maine, 539 ; *Rowell* v. *Mitchell*, 68 Maine, 21 ; *Johnson* v. *Leonards*, 68 Maine, 237 ; *Linnell* v. *Lyford*, 72 Maine, 280, 285 ; *Linscott* v. *Weeks*, 72 Maine, 506 ; *Lovejoy* v. *Vose*, 73 Maine, 46. See also *Ruggles* v. *Barton*, 13 Gray, 506 ; *Welsh* v. *Phillips*, 54 Ala. 309 ; *Hinds* v. *Ballou*, 44 N. H. 619 ; *Townsend Savings Bank* v. *Todd*, 47 Conn. 190 ; *Hubbell, appellant*, v. *Moulson*, 53 N. Y. 225 ; *Campbell* v. *Birch*, 60 N. Y. 214 ; *Frische* v. *Kramer's lessee*, 16 Ohio, 125 ; *Hill* v. *Robertson*, 24 Miss. 368 ; 2 Wash. Real Prop. c. 16, § 4 ; 1 Jones on Mortgages, 808 *et seq.* ; 1 Herman on Mortgages, § § 53 *et seq.* ; Thomas on Mortgages, c. 8, p. 79 ; Tudor's Leading Cases, 3d ed. 15, note and citations ; Williams Real Prop. 408 *et seq.* ; *Pickett et al.* v. *Jones*, 63 Mo. 195 ; *White* v. *Bond*, 16 Mass. 400.

VIRGIN, J. When a debtor gives his promissory note to his creditor, he thereby gives his personal security for the payment of his debt, and subjects his person and property generally, to any of the remedies which the law provides for compelling its payment at and after maturity. And if, at the same time, the debtor secures the ultimate payment of his debt by a mortgage on his property, real or personal, he thereby gives to his creditor an additional security, to either of which he may resort. If he elects to rely on his mortgage on real estate, he may adopt any of the modes of foreclosure ; in which case the law affords the debtor the right to pay his debt and save his property at any time during the statute period for redemption. If, however, he

chooses to resort to the ordinary process of attachment and levy, he may levy his execution on any unexempted real or personal property of his debtor; and by waiving his mortgage, he may in the absence of any intervening interests of third persons, make his extent or levy on the real or personal property covered by that. . There is no restriction in the law of remedies upon the creditor. Each of the remedies is open to him and each is effectual. The debtor cannot limit the creditor to his remedy on the mortgage, any more than he can confine him to his personal action on the note. Both are parts of one system of law, and both must stand together. *Porter* v. *King*, 1 Maine, 297; *Crooker* v. *Frazier*, 52 Maine, 405; *Coggswell* v. *Warren*, 1 Curt. 223; *Libbey* v. *Cushman*, 29 Maine, 429; *Whitney* v. *Farrar*, 51 Maine, 418. And if the payee of the note legally transfers the note to a third person, the debtor has no reason to complain of a like result; for he in terms authorizes the transfer with the knowledge, presumably, that along with the transfer go all the incidents and legal rights without restriction, which pass with the transfer of such personal securities; and cast upon him no legal burden.

It is well settled that when the mortgagee has negotiated the note secured by the mortgage to a third person, without assigning the mortgage, he simply holds the mortgage in trust for the holder of the note. *Johnson* v. *Candage*, 31 Maine, 28; *Moore* v. *Ware*, 38 Maine, 496; *Morris* v. *Bacon*, 123 Mass. 58. Neither by assignment, nor otherwise, can he convey to another any other right than he himself had; for the mortgage itself, together with the non-production of the note secured, would be ample notice to the assignee of the nature and extent of his title. *Moore* v. *Ware*, *supra; Jordan* v. *Cheney*, 74 Maine, 359.

But a mortgage by its very terms becomes extinguished by payment of the mortgage debt, at or before the breach of the condition. *Holman* v. *Bailey*, 3 Met. 55. And, as a matter of course, if the land mortgaged be all appropriated on the mortgage debt, the mortgage would be extinguished, though the debt might not all be thereby paid. And since the provisions of R. S., c. 90, § 28, have been in force, the same result is wrought

by payment after condition broken. *Wilson* v. *E. & N. A. R. Co.* 67 Maine, 358, 361.

Our opinion, therefore, is that the mortgage was extinguished by the levy and consequent appropriation of all land mortgaged on the mortgage debt, assuming the levy was made in accordance with the provisions of the statute.

On examination of the officer's return, it does not appear "but that Morrison might have had an attorney, who, had he received due notice, would have chosen an appraiser;" and "the levy for this cause is defective." *Wellington* v. *Fuller*, 38 Maine, 61. But as between these parties the officer can amend his return, if the facts, as they really existed, will cure the defect. *Wellington* v. *Fuller, supra; Knight* v. *Taylor*, 67 Maine, 593.

This result operates harshly upon the defendant; but this plaintiff is in nowise at blame.

As the case is to stand on the docket for the defendant to be heard on a claim for betterments, the officer can amend his return, and then the entry will be,

*Defendant defaulted.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.