SIMEON LAROCHE *vs.* OREN T. DESPEAUX.

Cumberland.    Opinion April 9, 1897.

*Exceptions.    Practice.*

Exceptions lie to rulings upon questions of law only, and not to findings upon
questions of fact.

A bill of exceptions, to be available, must show clearly and distinctly that the
ruling excepted to was upon a point of law, and not upon a question of fact;
nor upon a question in which law and fact are so blended as to render it
impossible to tell on which the adverse ruling was based.

ON EXCEPTIONS BY DEFENDANT.

This was an action of replevin tried in the Superior Court, for
the county of Cumberland, without the intervention of a jury.

The case appears in the opinion.

*Barrett Potter* for plaintiff.

*F. L. Noble and R. W. Crockett,* for defendant.

SITTING: PETERS, C. J., WALTON, HASKELL, WHITEHOUSE,
WISWELL, STROUT, JJ.

WALTON, J.    Exceptions lie to rulings upon questions of law
only, and not to findings upon questions of fact.    And a bill of
exceptions, to be available, must show clearly and distinctly that
the ruling excepted to was upon a point of law, and not upon a
question of fact; nor upon a question in which law and fact were
so blended as to render it impossible to tell on which the adverse
ruling was based.    And requests for rulings must be free from this
ambiguity, or the withholding of them will not be error.    In trials
by juries these rules are generally observed.    But in trials by the
court, without a jury, they are often disregarded; and we have
bills of exceptions in which there is no just or proper discrimination
between questions of law and questions of fact.

In the present case, we are informed by the bill of exceptions
that the action is replevin for a soda fountain; and that the ques-
tion submitted to the court was whether the soda fountain was
covered by a mortgage given by the plaintiff to one Nelson Gagne;

and the court was asked to rule, *as a matter of law*, that the mortgage covered the soda fountain. The court had already found, *as a matter of fact*, that the soda fountain at the date of the mortgage was the property of a third party, and was not intended to be covered by the mortgage, and declined to rule as requested; and decided the case in favor of the plaintiff. The exceptions then state that "to the foregoing rulings *in matters of law*," the defendant excepted.

We search this bill of exceptions in vain for "rulings in matters of law." Of course, the decision of the cause involved questions of law as well as questions of fact. Every cause does. But we look in vain for any such distinct ruling on a question of law as could furnish a basis for a valid bill of exceptions. The able and learned counsel for the defendant concede that the "pivotal point of inquiry" was the intention of the parties. But this was a question of fact, and was so regarded by the court.

"I find as a matter of fact," said the judge, "that the soda fountain in question was the property of A. D. Puffer & Sons Manufacturing Company on the 6th day of April, 1892, the date of the mortgage, and was not intended to be covered by the mortgage; and that, on the date of the writ, the soda fountain was the property of the plaintiff."

Here was no distinct ruling on a question of law. And the material facts having been found against the defendant, a refusal to rule that the mortgage did cover the soda fountain was inevitable. Practically, it was no more than a refusal to decide the case in favor of the defendant after having decided all of the material facts against him. The findings were affirmative. The refusal was negative. Both related to substantially the same proposition, and the one was no more a ruling on a matter of law than the other. In fact, the bill of exceptions contains no distinct ruling on any question of law. In this particular it is fatally defective. It is substantially like the bill of exceptions in *Curtis* v. *Downes*, 56 Maine, 24, which the court held to be insufficient.

*Exceptions overruled.*