DANIEL S. GRAFFAM, Petitioner, vs. FANNIE E. COBB, and others.

## Cumberland.    Opinion December 8, 1903.

*Exceptions*, Petition for allowance of.    *Probate.    Appeal*, Time of hearing.
R. S. (*1903*), c. 63, § 33; c. 77, § 55.    Stat. 1893, c. 174, § 1.
R. S. Mass. (1902), c. 173, § 110.

A petition to the law court representing that exceptions alleged by the peti-
tioner in the court below were disallowed by the presiding judge, and ask-
ing that the truth of the exceptions may be established before this court,
should set forth all the material facts relating to the exceptions and be
verified by affidavit.

Such affidavit to verify the petition is not accepted, however, as evidence of
the truth of the exceptions, but upon motion of either party a commis-
sioner will be appointed to take the depositions of such witnesses as may
be produced on either side.

In this case no motion was made for the appointment of a commissioner to
take testimony and no testimony was taken. The only evidence, there-
fore, which this court can properly consider respecting the rulings com-
plained of in the court below, is found in the copies of the docket entries
made at the time of the rulings, and the admissions of the petitioner con-
tained in the several petitions signed by him.

The provision of R. S. (1903), c. 63, § 33, that a petition for leave to enter
an appeal from a decree of the judge of probate "shall be heard at the next
term after the filing thereof" is directory and not mandatory. It is to be
assumed that the legislature was not seeking to control the discretion of the
court in the discharge of ordinary judicial functions, but to impress upon
the minds of the parties as well as upon the court the importance of an
early settlement of all questions of which the probate court has jurisdic-
tion. It must be construed to mean that the petition is cognizable and in
order for hearing at the next term after filing, and that the parties are
entitled to be heard at that term unless in the exercise of a sound discre-
tion, and in the furtherance of justice, the court for good and sufficient
cause shall otherwise order.

There is no evidence in the case having any tendency to show that the order
for the continuance given in *Graffam, Admr., Petr., v. Ray et als*, now com-
plained of, was not given in the exercise of the sound discretion of the
court and in the furtherance of justice; and, as such, the ruling was not
subject to exceptions.

A petition for leave to enter such an appeal is addressed to the discretion of the presiding justice, and his decision is final and not subject to exception. In *Graffam, Guard., Petr.,* v. *Cobb,* the other case, the petition was addressed to the sound judicial discretion of the presiding justice, and it was dismissed by him in the exercise of that discretion. His ruling was not subject to exceptions and for that reason doubtless, the petitioner's exceptions were disallowed.

Petition to establish exceptions.    Dismissed.

*Petitioner,* pro se.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J. This was a petition presented to this court "sitting as a law court" representing that the exceptions alleged by the petitioner in two cases in the court below were disallowed by the presiding judge and asking that the "exceptions may be allowed and a hearing had" by this court.

Section one of chap. 174 of the Laws of 1893, R. S. (1903), c. 77, § 55, is as follows: "If the justice disallows or fails to sign and return the exceptions, or alters any statement therein, and either party is aggrieved, the truth of the exceptions presented may be established before the supreme judicial court sitting as a court of law, upon petition setting forth the grievance, and thereupon, the truth thereof being established, the exceptions shall be heard, and the same proceedings had as if they had been duly signed and brought up to said court with the petition. The supreme judicial court shall make and promulgate rules for settling the truth of exceptions alleged and not allowed."

In this enactment our legislature adopted verbatim section 11 of chap. 115 of Mass. Gen. Stat. 1860, which now appears in section 110 of chap. 173 of the Revised Laws of Mass. 1902. In that state the rule established by the supreme court respecting the procedure under this statute, requires the petition to set forth all the material facts relating to the exceptions and to be verified by affidavit; it also requires a copy of the petition to be delivered to the adverse party ten days at least before the term at which the petition is entered. *Phillips* v. *Hoyle,* 4 Gray, 370, and note. But the affidavit required

by this rule to verify a petition to establish exceptions is not accepted as evidence of the truth of the exceptions. It is the practice in that state, however, upon motion of either party, to appoint a commissioner to take the depositions of such witnesses as may be produced by either party. *Com.* v. *Marshall*, 15 Gray, 202.

Since the enactment of this statute in our State, only two petitions based upon it have been presented to this court, and thus far the court has omitted to "make and promulgate" any rule for "settling the truth of exceptions alleged and not allowed." But as observed by the court in *Hadley* v. *Watson*, 143 Mass. 27, 28, "The right to prove exceptions has always been regarded as strictissimi juris. The purpose of a petition to prove exceptions is to contradict and control the statement of a judge made under his oath of office and his official responsibility. It is fit that, before this court entertains such a petition, some person with a knowledge of the fact should make oath to their truth."

In the case at bar, neither the petition nor the accompanying declaration is verified by affidavit. It is to be observed, however, that the petitioner does not claim to be aggrieved by reason of any mis-recital of facts, or any alteration of statements found in a bill of exceptions that was actually allowed. His complaint is, that each of the two bills of exceptions prepared by him was disallowed as a whole by the presiding judge. Neither of the bills contained any statement of a material fact which could become the subject of controversy in this case, with a possible exception to be hereafter considered. The obvious question in each instance was whether the petitioner was entitled to any exceptions at all to the ruling given. In view of this fact, and of the absence of any provision of statute or rule of court expressly requiring the petition to be upon oath, the entire case has received from this court the same careful examination that it would have received if the petition and accompanying declaration had been verified by affidavit.

At the the October term, 1902, of the supreme judicial court in Cumberland County, this petitioner Daniel S. Graffam entered two petitions to the supreme court of probate under R. S. (1903), c. 63 § 33, for leave to enter appeals from the decrees made by the judge,

of probate for that county in the two cases. respectively of *Graffam, Petitioner* v. *Ray et als.* and *Graffam, Petitioner* v. *Cobb*, the twenty days allowed for taking such appeals by section 31, having expired. Section 33 provides that: "If any such person from accident, mistake, defect of notice, or otherwise without fault on his part, omits to claim or prosecute his appeal as aforesaid, the supreme court, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted with the same effect, as if it had been seasonably done; and said petition shall be heard at the next term after the filing thereof." In *Graffam, Petitioner* v. *Ray et als*, the decree sought to be reviewed related to the enforcement of an order of the probate court for the production of books and documents alleged to be material in the discovery of the truth concerning the estate of Elias S. Dodge, of which the petitioner was administrator de bonis non. In *Graffam, Petitioner* v. *Cobb*, the decree complained of required the petitioner to account for a balance found to be due from him as guardian of Fanny E. Cobb.

On both of these petitions notice was duly ordered at the October term of the supreme court, and made returnable at the following January term. The only evidence which this court can properly consider respecting the rulings of the court complained of at the January term, is found in the copies of the docket entries made at the January term, and the admissions of the petitioner contained in the several petitions in the case signed by him. Even if the general allegation in the petition of a fraudulent conspiracy against the petitioner should be deemed material and could properly be considered without a more specific statement of the grounds upon which the charge is based, there is no evidence before this court to substantiate the charge, and no motion was made for the appointment of a commissioner to take testimony for that purpose. Fraud is never to be presumed, but must be clearly proved by competent testimony.

Having recourse then to the docket entries in *Graffam, Admr., Pet'r* v. *Ray et als*, January term, 1903, it appears that on the third day of the term the case was continued until the next April term; that on the fifth day the petitioner filed exceptions to the ruling whereby the case was continued, making reference to the provision

of the statute above quoted declaring that "the petition shall ·be heard at the next term after filing thereof." On the thirteenth day the exceptions were disallowed by the presiding judge. In his petition to the court asking to have the exceptions "allowed and heard," the petitioner makes the following statement in relation to this order for the continuance of the case:

"Your petitioner requested the court to assign a day for hearing on said petition, and the said court refused until all the answers were filed in court, and claimed that the respondents had three days to file their answers, and your petitioner was asked by the court to come in Thursday morning, and when your petitioner appeared as required by the court, the court claimed that he had assigned that day for hearing, and asked your petitioner if he wanted the petitions continued, but was informed by your petitioner that he had come in to have a day assigned for hearing, and the said court gave your petitioner his choice to have the petition dismissed or continued to the April term, and the said court continued petition No. 155 to the April term against the wishes of your petitioner."

With respect to the purpose and effect of the statute requiring a hearing at the next term after entry, it is quite obvious that the legislature desired to impress upon the minds of the parties, as well as upon the court, the importance of an early settlement of all questions of which the probate court has jurisdiction. But it is familiar experience in the court that, without the fault of either party, circumstances often arise and events occur which render it impossible to have such a hearing at the first term without defeating the object for which this right of petition was given. The time of the hearing was not designed to be of the essence of the privilege granted so as to be a condition precedent to the enjoyment of the fruits of it. The statute was an instruction or direction given for the purpose of insuring a more prompt administration of the law. It must be construed to mean that the petition is cognizable and in order for hearing at the next term after filing, and that the parties are entitled to be heard at that term, unless in the exercise of a sound discretion, and ·in·the furtherance of justice, the court for good and sufficent cause shall otherwise order. It would be unjust to assume that the legislature

was seeking to control the discretion of the court in the discharge of ordinary judicial functions. It did not intend to impose upon the court an imperative duty to order a hearing at the first term even though it should appear that such a ruling would unmistakably work a manifest injustice. Nor is it necessary to impute to the legislature any such purpose. As an admonition to the parties and a direction to the court, the enactment affords full opportunity for the fulfillment of the legislative intention without invading the judicial province. It is more consonant with reason and justice, as well as constitutional law, to construe the statute in question as directory and not mandatory. *State* v. *Smith*, 67 Maine, 328; Endlich on Inter. of Stat. § 431, and note, and § 436, with cases cited; *State* v. *Intox. Liquors*, 80 Maine, 57.

Furthermore, it appears from the petitioner's own statement of facts above quoted that he was not ready for a hearing in *Graffam Petitioner* v. *Ray et als.* at that time appointed by the court at the January term, and was allowed the option of having it dismissed or continued to the April term. Although he says the continuance was ordered against his wishes, it is a fair inference that in the exercise of the choice given him, he preferred to have it continued and not dismissed.

There is no evidence in the case having any tendency to show that the order for the continuance was not given in the exercise of the sound discretion of the court and in the furtherance of justice, and as such the ruling was not subject to exceptions. *State* v. *Damery*, 48 Maine, 327; *Rumsey* v. *Bragg*, 35 Maine, 116.

No exceptions appear to have been taken to the action of the court dismissing the petition at the following April term of the court.

In the case of *Graffam, Guard., Pet'r* v. *Fannie E. Cobb*, the docket entries show that on the third day of the January term, being the next term after the filing of the petition, an answer was filed, a hearing had, and the petition dismissed. To this ruling of the court dismissing the petition, exceptions were "alleged and disallowed." In the bill of exceptions disallowed, it is stated that this petition was "dismissed without hearing by the said court." But as already noted the only evidence relating to this or any other question of fact in the

case, is found in the docket entries introduced by the petitioner and the admissions contained in the petitions signed by him. The terms of the docket entry upon · this point are: "Answer filed. Hearing had. · Petition dismissed with costs." If it be assumed, therefore, that the action of the court in disallowing the exceptions was influenced by the statement that the petition was dismissed without a hearing, the petitioner's evidence not only fails to "establish the truth of his exceptions," but clearly and effectually disproves the allegation that the petition was dismissed without a hearing.

It is wholly improbable, however, that the exceptions in this case were disallowed by reason of this misstatement of fact. It had been distinctly held in two recent decisions of this court that a petition for leave to enter an appeal from a decree of the judge of probate is addressed to the discretion of the presiding justice, and that his decision is final and not subject to exception. *Sawyer, Pet'r* v. *Chase,* 92 Maine, 252; *Goodwin, Pet'r* v. *Prime,* 92 Maine, 355. The ruling in question did not relate to any question of law which was expressly reserved for the decision of this court. Neither was the presiding judge required to determine the original issue in the probate court respecting the settlement of this petitioner's account as guardian of Fannie E. Cobb. As observed in the opinion in *Goodwin* v. *Prime,* supra: "He was simply to satisfy himself that the petitioner was without fault on his part in omitting to appeal within the statute time, and that justice required a revision of the decree. . . . . The petition was addressed to the judicial discretion of the justice of the supreme court of probate. The law court cannot substitute its discretion for his." Discretion implies that in the absence of positive law or fixed rule, the judge is to decide by his view of expediency, or of the demands of equity and justice. *State* v. *Wood,* 23 N. J. L. 560.

In his petition for leave to enter the appeal the petitioner states as his reason for not seasonably claiming it, that the decree was "issued at a time when your petitioner was in financial distress having been laid off from his work four months without any apparent cause and afflicted with severe sickness in his family, and entirely without means to employ an attorney or to get other aid necessary to enter an appeal

in the twenty days allowed by law." Upon this statement alone the presiding judge might well have reached the conclusion that the omission to take the appeal was not "from accident or mistake," or "without fault" on the part of the petitioner, within the meaning and contemplation of the statute in question. The petition was dismissed by the presiding judge in the exercise of a judicial discretion; his ruling was not subject to exceptions, and for that reason, undoubtedly, the petitioner's exceptions were disallowed.

*Petition dismissed.*