THOMAS M. AYER

*vs.*

THE ANDROSCOGGIN AND KENNEBEC RAILWAY COMPANY.

Androscoggin.     Opinion December 12, 1932.

*Connolly & Welch,* for plaintiff.
*Verrill, Hale, Booth & Ives,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.    On exceptions by plaintiff. Writ of error to set aside a judgment of the Superior Court for Androscoggin County, rendered at the February Term, 1923, against this defendant in favor of plaintiff, then a minor, who brought the action by his father acting as next friend.

The Justice below found the following facts:

"(1)  On June 6, 1922, Thomas M. Ayer, then a minor, was injured while riding as a passenger on a motorcycle when said motorcycle was in collision with a street car of the defendant company. The defendant denied liability. Hospital and medical expenses were incurred in the sum of $515.00.

"(2)  As a result of conferences between the claim agent of the defendant and the father and mother of the plaintiff, it was agreed that defendant company should pay the expenses incurred by reason of the accident and be released from all liability. The mother of the plaintiff was informed that a suit should be brought in behalf of the plaintiff and the terms of the settlement presented to the Court for approval.

"(3) Previous to this the father had referred the entire matter of settlement to the mother and authorized her to do all things which might be necessary in connection with the same. By her authority the firm of Belleau & Belleau was engaged to represent the plaintiff as attorneys in the action which was brought, and it is the judgment in that action which is now sought to be annulled.

"(4) I find the terms of the settlement were presented to the Justice of the Superior Court; that he was made acquainted with the facts of the case; and that his approval was secured after receiving such information.

"(5) I find that settlement of the action was agreed upon for the sum of $515.00, and that it was definitely understood by the father and mother of the plaintiff that a release of all causes of action was the basis and consideration for the settlement. I find that the defendant company paid out the sum of $515.00 at the time of the settlement and later paid additional medical expenses so that the total amount paid by the defendant company was $735.00."

He also made the following rulings of law:

"(1) The writ of error was the appropriate process to use.

"(2) The plaintiff, being a minor, was not bound by the six year limitation prescribed by Section 10 of Chapter 116 of the Revised Statutes and did sue out his writ within five years after the removal of the disability of infancy and, accordingly, complied with the provisions of said Section 10.

"(3) No errors of fact or law appear in the transcript of the record of the former suit, and under the evidence no legal cause exists to reverse, recall or correct the judgment in the former action entered at the February Term, A.D. 1923, of the Superior Court for Androscoggin County."

To all but the first of these findings of fact plaintiff excepted on the ground that they were not supported by evidence, and also excepted to the third ruling of law.

The first five exceptions may be disposed of somewhat summarily. The findings of fact by a Justice sitting without a jury are final so long as they find support in evidence. *Starbird* v. *Henderson*, 64 Me., 570; *Haskell* v. *Hervey*, 74 Me., 195; *Thompson* v. *Thompson*, 79 Me., 286, 9 A., 888; *Sheffield* v. *Otis*, 107 Mass., 282; *Backus* v. *Chapman*, 111 Mass., 386; *Edmundson* v. *Bric*, 136 Mass., 191. The present record satisfies the requirements of the rule.

The sixth exception requires more extended notice. It is based upon the following grounds:

"1. That by the record and the evidence it clearly appears that neither at the time of the bringing of nor the entry of said action on the case nor at the entry of judgment thereon, had a legal guardian or guardian *ad litem* been appointed for the minor, Thomas M. Ayer, and that therefore there was nobody legally authorized to settle or discharge his said right of action or to consent for the plaintiff to the entry of said judgment.

"2. That it clearly appears by the record and the evidence that Marcellus Ayer, the father of the plaintiff, although the action upon which said judgment was based was brought in his name, as the next friend of Thomas M. Ayer, did not bring said action nor consent to the settlement nor discharge thereof *nor to the entry of said judgment.*

"3. That neither Marcellus Ayer, as the father and next friend of the minor plaintiff, nor his mother Emma Ayer had any authority at law to settle or discharge said right of action of Thomas M. Ayer or to consent to the entry of said judgment.

"4. That it clearly appears by the record and the evidence that the attorneys appearing for the plaintiff in said action were not directly employed by nor paid for by the plaintiff nor by his next friend; that said attorneys did not in fact bring said action; made no investigation as to the merits thereof, and presented no evidence before the Court relating thereto.

"5. That it clearly appears by the record and the evidence that the hearing upon said action upon the case before the Justice Presiding, in said Superior Court within and for the County of Androscoggin upon which said judgment was based, was held in the absence of the minor and his next friend and his parents and was without the introduction of evidence, either oral or written, other than a statement as to the facts made to the Court by the then attorney for the defendant and the plaintiff claims that, without more formal hearing, the said Justice of the Superior Court was without power to approve any settlement of said action or to enter judgment thereon."

Discussing these points in their order: (1) It is not necessary that a legal guardian or a guardian *ad litem* should be appointed in order that a minor should prosecute a suit at law or equity. In such cases actions may be brought, entered in court and pursued to judgment on behalf of the minor by a next friend. The practice is too well settled to require discussion. It is recognized in Secs. 30 and 31, Chap. 80, R. S. 1930, and under the provisions of the latter section cases so brought may be effectually compromised with the approval of the Court.

(2) The record contained evidence which warranted the Court below in finding that, after settlement of plaintiff's claim had been agreed upon between his father and the representatives of defendant, his mother was authorized to attend to the necessary details which followed and that she did so. This course of conduct is not open to criticism.

(3) A next friend or person authorized to represent him has full authority to settle or discharge a right of action on behalf of a minor and to consent to an entry of judgment provided that such action is approved by the Court as was done here.

(4) It is not necessary that an attorney representing a minor plaintiff should be directly employed or paid by the plaintiff or his next friend. In the absence of fraud, any arrangement with regard to employment of counsel, acceded to by the next friend, is sufficient. Neither is it necessary that counsel should personally investigate the case or present evidence to the Court. He may do no more than bring to the attention of the Court the settlement agreed on by the

next friend or the person authorized by the next friend to arrange the matter and satisfy himself that the Court is sufficiently informed concerning the case to act intelligently.

(5) It is not necessary that either the minor or the next friend should be present when the Court considers approving the settlement of an action in which a minor is plaintiff; neither is it necessary to formally introduce evidence unless the Court requires it. Under the circumstances existing here, the Court was justified in relying upon statements made by counsel for defendant and in approving the compromise without additional explanation.

This was not an unusual case. A minor child, while riding a motorcycle, collided with a trolley car and sustained an injury. The parents conferred with the attorney of the car company and its claim agent. Liability was denied but after discussion defendant offered to pay a certain amount in settlement. The parents agreed to the arrangement. It was necessary that a legal release should be procured. One of two methods might be pursued to accomplish that end — a legal guardian or guardian *ad litem* might be appointed, or suit might be brought by a next friend and the adjustment already agreed to completed under the supervision and with the approval of the Court. The latter course was followed. There is no suggestion of bad faith in the proceedings and no sound reason for disturbing the existing judgment.

*Exceptions overruled.*