RALPH T. DANBY
D/B/A DANBY MOTORS
*vs.*
PAUL L. HANSCOM

Penobscot.   Opinion, June 24, 1960.

*Vafiades & Browntas*, for plaintiff.

*Charles E. Gilbert*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.   This is an action of replevin brought by the plaintiff against the defendant, a deputy sheriff, for the recovery of a 1957 Buick automobile. The defendant filed a general denial, and in a brief statement claimed that title to the automobile was in O'Meara Motor Co., a Connecticut corporation, hereafter called O'Meara. The case was heard by a Justice of the Superior Court, by agreement, with rights of exceptions as to matters of law reserved.

The record discloses that the car in question was on March 9, 1960, delivered by O'Meara to one Moses upon

receipt of a check for $1400. The transaction took place in the state of Connecticut. On March 11, 1960, the plaintiff at Bangor, Maine, gave Moses a check for the automobile and took possession of it. The check given by Moses to O'Meara was dishonored. O'Meara then brought an action against Moses in Penobscot County upon an account annexed in the sum of $3275, $1400 of which was for the automobile in question and the balance for another automobile previously sold to Moses. Under this action the deputy sheriff was directed to attach the automobile in question, which was then in the possession of the plaintiff. The deputy sheriff made the attachment, and upon his return stated that he had attached the automobile on March 19, 1959, as the property of Moses, the defendant in that action. On the same writ, funds of Moses in the hands of Eastern Trust and Banking Company were trusteed. Moses was defaulted in the action, and judgment was entered in favor of O'Meara for $3297.39. The trustee was charged with the amount disclosed, $2339.62, less costs. At the hearing of the present case the court admitted over objection of defendant a document claimed by the plaintiff to have been given to Moses by O'Meara, and another document purporting to be a bill of sale from Moses to the plaintiff. Exceptions were reserved by the defendant. In substance the court found the plaintiff to be an innocent purchaser of the automobile and that the defendant had invested Moses with the "indicia of ownership" thereof. The court also ruled that by attaching the automobile, rather than by proceeding in replevin, the defendant had indicated an intention to affirm the sale to Moses, and that it was too late to deny Moses' authority to sell the automobile to the plaintiff. On July 24, 1959, judgment was given to the plaintiff for one dollar damage and the property replevied. The defendant filed exceptions under the rules of procedure then in effect.

The sole ground of error claimed by the defendant is set forth in his bill of exceptions in the following language:

"And the defendant says that said judgment for the plaintiff is erroneous and prejudicial, and that he, the defendant, is a party aggrieved thereby, in that the evidence, viewed in the light most favorable to the defendant's contentions, should have warranted a judgment in his favor."

It is well established that exceptions reach only errors of law. *Heath, et al. Applts,* 146 Me. 229, 232, 79 A. (2nd) 810.

"And a bill of exceptions, to be available, must show clearly and distinctly that the ruling excepted to was upon a point of law, and not upon a question of fact; . . . . " *Laroche v. Despeaux,* 90 Me. 178, 38 A. 100.

Findings of fact by a justice sitting without a jury are final so long as they find support in evidence. *Richardson* v. *Richardson,* 146 Me. 145, 147, 78 A. (2nd) 505; *Wade & Dunton, Inc.* v. *Gordon,* 144 Me. 49, 51, 64 A. (2nd) 422; *Ayer* v. *Androscoggin & K. Railway Co.,* 131 Me. 381, 384, 163 A. 270; *Chabot* v. *Chabot,* 109 Me. 403, 404, 84 A. 892.

"If the ground of exception to the finding of a single justice is that it was erroneous in law because there was no evidence to support it, or because his finding was made without any evidence, such ground must clearly appear in the bill of exceptions." *Heath, et al. Applts, supra,* at 233.

Having in mind these clearly established principles, we must conclude that the bill of exceptions filed in this case does not properly raise a question of law and therefore cannot be considered by this court.

A review of the record and briefs convinces us that the judgment of the court would have been held proper had the bill of exceptions been sufficient to include the questions of

law raised in defendant's brief and argument. There was ample evidence, if believed, to justify the conclusion that the plaintiff made a *bona fide* purchase of the automobile from Moses, and paid for and took possession of it. The defendant claims, however, that under the law of Connecticut, in which state the transaction between Moses and O'Meara took place, title to the property did not pass until the check given in payment therefor was honored. The defendant also raises the question of the admissibility of certain documents admitted over his objection. Assuming the correctness of the defendant's interpretation of the Connecticut law under the facts in this case, O'Meara by electing to attach the automobile in the hands of the plaintiff as the property of Moses, and making a valid attachment thereof, could no longer claim title to the property in himself. He could not at the same time treat the property as his own and as that of Moses. The situation is analagous to those cases in which a person who has a lien on real or personal property waives his lien by attaching the particular property upon which the lien attaches. See *Lord* v. *Crowell*, 75 Me. 399; *Whitney* v. *Farrar*, 51 Me. 418; *Libby* v. *Cushman*, 29 Me. 429. A discussion of the admissibility of the documentary evidence is not necessary. The judgment rendered was justified by the evidence and the defendant suffers no injustice by a dismissal of his bill of exceptions upon technical grounds.

The entry will be

*Exceptions dismissed.*