**STATE of Maine**

v.

**Charles Rodney ALLEN.**

Supreme Judicial Court of Maine.

Nov. 22, 1967.

Warren E. Winslow, Asst. County Atty., Portland, for appellant.

Franklin F. Stearns, Jr., Portland, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DU-FRESNE and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal from revocation of probation.

Appellant was found guilty of aggravated assault at the September Term 1965 of the Superior Court for Cumberland County, was sentenced to a jail term of 6 months, which sentence was suspended and pro-

bation was extended for a period of two years. The receipt in open court of the written statement of conditions of probation was acknowledged by appellant, which conditions requiring "strict observance," were in the usual form, including maintenance of "good behavior," and "abstinence" from the use of intoxicants.

At the March Term 1966, the Probation and Parole Board filed a motion dated February 28, 1966, under the provisions of 34 M.R.S.A. § 1633, for revocation of the probation, alleging reasonable belief that the appellant had violated the conditions of his probation and complaining, in two counts, of violation by disorderly conduct at two specified places and dates.[1] The court appointed counsel to represent him.

The matter was heard March 3, 1966, with an Assistant County Attorney for the State, and testimony recorded. A witness called by the Probation Department in support of the first count was excused as reluctant, and the allegation was not established.

Count two, upon which violation was found, appellant offering no evidence, developed the following undisputed facts. On December 12, 1965 at Pleasant Mountain Ski Development Corporation premises (Lodge), where a "company" party was being held, appellant and one M had differences, the detail of which is unknown, but there is evidence to justify a finding that M's wife or a friend was involved and that following her outcry, the men confronted one another. As a result, M either pushed or struck appellant so that he "fell to the floor." The incident attracted the attention of the manager of the premises and another employee, both of whom went to the scene. Appellant came off the floor in a combative mood, refused to leave the lodge at the request of the manager, and

violently resisted his expulsion, kicking, striking and using obscene language, during which the Lodge employee was kicked. There was evidence that the appellant had been drinking.

Upon facts found and recorded by the presiding Justice, a violation of probation was ruled and it was ordered that probationer execute the original sentence.

The appeal claims error in the factual finding of violation.

In brief and argument, although not recorded as a point of appeal, appellant urged that the accusations expressed in the State's motion for revocation of probation and the resultant hearing thereon and proof thereof failed to meet constitutional requirements. Appellant equates the accusation of violation with a criminal charge. Inasmuch as the State responded to this issue, and this is the first case coming to us grounded upon revocation of probation in which the issue is raised, we shall consider the contentions.

■ The power to suspend execution of sentence imposed upon one convicted of a criminal offense, to grant probation and to subsequently revoke it, is largely a statutory matter, state or federal. Our 34 M.R.S.A. § 1631 provides for suspension of execution of sentence and extension of probation. Section 1632 provides that such probationer remains under the jurisdiction of the court and is committed to the custody and control of the Probation and Parole Board. Each probation officer has authority to arrest and hold the probationer in custody for a reasonable time in order to file a motion under the following section. Section 1633 reads in pertinent part as follows:

"When the State Probation and Parole Board charges a probationer with viola-

---

1. (1) That the said Charles Rodney Allen on 12–4–65 did conduct himself in a disorderly manner by his actions while on Lower Main Street, Bridgton.

(2) That the said Charles Rodney Allen did conduct himself in a disorderly man-

ner and did attempt to assault one John Hayward, all on 12–12–65 while on the premises of the Pleasant Mountain Ski Development Corporation at Bridgton, Maine.

tion of a condition of his probation the board shall forthwith report the alleged violation to the court, or to a justice of the court in vacation, which may order the probationer returned. After hearing, the court or justice may revoke the probation and impose sentence if the case has been continued for sentence or may order the probationer to serve the original sentence where its execution has been suspended or may order the probation continued if it appears just to do so."

The extent to which a hearing is a procedural step requisite to a valid revocation of such conditional liberty, is a question of statutory construction.

■ Among the views supporting the conclusion that there is no constitutional right to (notice and) hearing before revocation of probation or parole,[2] our view as applied to revocation of parole has been expressed in Mottram v. State of Maine et al., Me., 232 A.2d 809. The hearing which "due process" requires under a motion for revocation of probation is that required by Section 1633. The statute construed in *Mottram* provided that the Parole Board "hold a hearing. The parolee is entitled to appear and be heard." 34 M.R.S.A. § 1675. Here the statute to be construed provides that "after hearing" the court may revoke probation. The philosophy of probation and parole is the same. In that respect the rationale of *Mottram* governs.

■ The violation of probationary conditions is not an offense in itself. The proceeding is not a criminal proceeding. 21 Am.Jur., 2d § 568. The purpose of the hearing is to seek a determination of whether the conditional liberty granted by probation should be terminated or continued. The

termination of probation results in the execution of a subsisting sentence in confinement.

■ At this point as between parole and probation procedure there is one distinction. The Parole Board is an administrative body under the Executive Branch of the government and revocation of parole is an administrative function, *Mottram* at 232 A.2d [15–16] page 817, exercised by a balance of society interest on the one hand and possibility of rehabilitation of the parolee on the other, from which no appeal is provided. The parolee has left the supervision of the judicial branch of our government. The probationer has remained under the supervision of the court system and the revocation is a judicial function exercised in terms of judicial discretion[3] based upon weighing the same interests, which discretion is reversible only upon clear showing of abuse. Young v. Carignan, 152 Me. 332, 337, 129 A.2d 216.

While we have never been called upon to declare that an indigent probationer, when confronted with complaint for violation (sentence having been imposed and suspended),[4] is entitled to court appointed counsel, and we do not now say so, such policy is a wholesome one. Counsel was appointed for this appellant, and he has offered no criticism of the sufficiency, for notice purposes, of the motion, except insofar as it fails to charge him with the use of intoxicants on which evidence was introduced without objection at hearing. The appellant received everything to which the statute entitled him,—and more.

■ As to the merits. Disorderly conduct was not an offense at common law and

2. See Annotation 29 A.L.R.2d 1074.

3. As defined in Graffam v. Cobb, 98 Me. 200, 206, 56 A. 645; State By Information of Hancock ex rel. Banks v. Elwell, 156 Me. 193, 203, 163 A.2d 342, quoting 27 C.J.S. Discretion at page 294; and Marshall v. Commonwealth (1960) 202 Va. 217, 116 S.E.2d 270, 271, [5–7] 273.

4. When case is continued for sentence and probation granted, see Mempa v. Rhay, Walkling v. Washington State Board of Prison Terms and Paroles, U. S. Supreme Court November 13, 1967, 389 U. S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.

has been made so by statute. 17 M.R.S.A. § 3953 provides that:

"Any person who shall by any offensive or disorderly conduct, act or language annoy or interfere with any person in any place * * *, although such conduct, act or language may not amount to an assault or battery, is guilty of a breach of the peace and shall be punished * * *."

Our statute does not otherwise define "disorderly conduct" but "the term is usually held to embrace all such acts and conduct as are of a nature * * * to outrage the sense of public decency, * * *." Wharton's Criminal Law and Procedure, Anderson § 805.

Under our statute, assault and battery would be disorderly conduct, but there may be disorderly conduct without assault and battery.

"The use of obscene language in a public place is a misdemeanor at common law * * *." Wharton's Criminal Law and Procedure, Anderson § 786.

The disturbance of persons gathered for any lawful purpose is considered a common law offense. Wharton's Criminal Law and Procedure, Anderson § 811.

Appellant's conduct was not only bad behavior, but constituted a misdemeanor at common law, was a violation of our "disorderly conduct" statute and, apart from considerations expressed below, constituted an assault and battery upon the Lodge employee.

■ Appellant's counsel implies that his conduct is attributable to M, against whom he was only defending himself. When the Lodge manager and his employee came upon the scene M was standing with his back to the wall and did not subsequently participate in the events. Any active attention which M had been paying to the appellant had ceased.

"The right of self-defense and the right of redress are two different things. You may prevent an injury from being done by all proper means, but, when done, you cannot take redress into your own hands." State v. Perkins (Ct.1914) 88 Conn. 360, 91 A. 265, [3] 267.

"Self-defense may operate as justification only if the act committed by the defendant was defensive, and not where it was retaliatory." 6 Am.Jur., 2d, Assault and Battery § 160.

Not only did appellant arise from the floor in what the Lodge manager described as "like a violent animal" but resisted in a "vicious and violent" manner the request of the proper Lodge authority to leave the building, thus interfering with that person.

The status of the probationer at the Lodge is not discussed. Whether he was an employee of the company sponsoring the party, or a guest of an employee, or a trespasser is not disclosed.

If a trespasser, he has no standing to question the manager's request that he leave the premises. See State of Maine v. Benson & Greenlaw, 155 Me. 115, 151 A.2d 266. If an invitee and his conduct became combative, it was properly the duty of the manager to protect other patrons. 52 Am.Jur., Theaters, Shows, Exhibitions, Etc. § 52.

■ A factual finding that the conduct of the appellant was not good behavior, but was disorderly, both under common law and statutory interpretation, is amply supported by the record.

"Findings of fact by a justice sitting without a jury are final so long as they find support in evidence." Danby v. Hanscom, 156 Me. 189, 191, 163 A.2d 372, 373.

The ruling of violation was without error in either fact or law.

Appeal denied.