**Leland KENNEY (Next Friend of Josie K. Coombs) and Josie K. Coombs**

v.

**Willis P. SPAULDING.**

Supreme Judicial Court of Maine.

March 25, 1970.

Errol K. Paine, Bangor, for Kenney.

David A. Nichols, Camden, for Coombs.

Lewis V. Vafiades, Bangor, for defendant.

Before WILLIAMSON, C. J., and WEBBER, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

WEBBER, Justice.

Leland Kenney instituted this action as next friend of Josie K. Coombs, a woman 79 years of age and his aunt, alleging her lack of mental competence. The complaint alleges undue influence on the part of defendant Spaulding. Defendant moved to dismiss the complaint on the ground that Mrs. Coombs had not consented to be party plaintiff and that plaintiff Kenney had no interest or standing in the subject matter of the action. Mrs. Coombs retained counsel and independently filed a motion praying that she be eliminated as party plaintiff.

A full hearing was had and voluminous testimony and other evidence was received bearing upon both the preliminary issue involving the standing of Kenney as plaintiff and next friend, and the secondary issue involving the business relationship of Mrs. Coombs and defendant.

The Justice below first determined that Mrs. Coombs was competent at the time of hearing and therefore granted her motion to be dropped as party plaintiff. He then determined that Kenney had "no recognizable existing interest in the subject matter of the controversy" and no standing to bring and prosecute the complaint as party plaintiff. He accordingly granted defendant's motion to dismiss the complaint.

He then made alternative findings with respect to the merits to be effective "in the event that the above ruling proves to be erroneous upon review." For reasons which will appear we do not reach the secondary issue or "merits" of the controversy.

A complaint may properly be instituted and prosecuted by one acting as "next friend" of a legally incompetent plaintiff. As was said in Ayer v. Androscoggin & Kennebec Railway Company (1932) 131 Me. 381, 385, 163 A. 270, 272:

> "It is not necessary that a legal guardian or a guardian *ad litem* should be appointed in order that a minor should prosecute a suit at law or equity. In such cases actions may be brought, entered in court, and pursued to judgment on behalf of the minor by a next friend. The practice is too well settled to require discussion. It is recognized in sections 30 and 31, Chapter 80, Revised Statutes 1930, * * *."

Sec. 30 now appears with no material change as 18 M.R.S.A. Sec. 3651.

■ In the eyes of the law the "next friend" is treated as though appointed by the court. With the power of appointment goes the power to revoke the authority of the next friend. In Leavitt v. City of Bangor (1856) 41 Me. 458, 460 the Court said, "A *prochein ami,* or next friend, is not necessarily one of kin, but may be 'any person who will undertake the infant's cause;' and according to the *theory of the law* he is appointed by the Court. * * * It has been decided in Massachusetts that such courts may not only appoint, but they have authority to revoke any appointment, even during the progress of a suit. Such authority, *both for appointment and revocation,* seems to be necessary for the protection of the infant, as he will be bound by the judgment which may be rendered." (Emphasis ours.)

The Justice below had before him somewhat conflicting evidence as to the competence of Mrs. Coombs to determine for herself whether or not this action should be maintained and prosecuted. She was a witness and the Justice had an opportunity to observe her demeanor and mental acumen. She displayed a marked loss of memory such as is often observed in the case of persons of advanced years, but in other respects she displayed a comprehension of the nature of the litigation and a positive inclination to have it terminated forthwith. In addition to the observations of lay witnesses with respect to matters bearing on the competency of Mrs. Coombs, the Justice below had the benefit of the testimony of a psychiatrist who gave his opinion that she then had the capacity to decide whether or not she wished to prosecute the action.

The facts are not unlike those presented in Dafoe v. Dafoe (1955) 160 Neb. 145, 69 N.W.2d 700, 712. In that case a similar action was brought for and on behalf of Albert Dafoe, a man aged 82 years, by Frank Dafoe as next friend. There, as here, Albert sought to terminate the action. The trial court heard many witnesses, including a psychiatrist who found that his patient was "oriented for time, place and person, but was unable to recall some recent tests, names, and events." Affirming the decision below, the Nebraska Court concluded:

"In the light of the foregoing rules and evidence, we do not find in the record sufficient competent evidence to sustain a conclusion that Albert was at any time mentally incompetent to bring, control, and maintain this suit. Therefore, we also conclude that Frank had no right to bring, control, and maintain this action as next friend of Albert. In the light of such conclusions, it becomes unnecessary to discuss or decide the issues of alleged undue influence or breach of the agreement * * *."

■ We reach a like conclusion in the instant case. The evidence was conflicting and under familiar rules the factual determination below will not be disturbed unless clearly erroneous. Our decision is governed by M.R.C.P., Rule 52(a) which provides in part, "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The action was properly dismissed by the Justice below.

It should be noted and even emphasized that the effect of our decision is that there has been as yet no final judgment with respect to the issues sought to be raised by the complaint. We do not intimate or suggest what our decision might be if at some future time and under different circumstances an action were instituted by Mrs. Coombs or someone then authorized to act in her behalf. It suffices to say that this decision reaches only the primary issue.

Appeal denied. All costs taxable to Leland Kenney.

MARDEN, J., did not sit.