STATE OF MAINE
CUMBERLAND, ss

NEW PENN FINANCIAL, LLC,

    Plaintiff

v.

HOMEBOUND MORTGAGE, INC.,

    Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-16-366

REC'D CUMB CLERKS OF
MAY 22 '19 AM8:12

JUDGMENT

On November 23, 2016, plaintiff, New Penn Financial, LLC, filed a complaint seeking to compel assignment of mortgage from defendant to plaintiff. Trial was held on January 10, 2019. For the following reasons, the court enters judgment in favor of the defendant.

Background Facts

On October 29, 2003, Karl Kelley and Sylvia Kelley executed and delivered to Homebound Mortgage Inc. a promissory note in the amount of $300,000. (Pl.'s Ex. 1.) Plaintiff presented the original note for inspection at trial.

On October 29, 2003, in order to secure the note, Karl Kelley and Sylvia Kelley executed a mortgage deed on property located at 24 Lower Falls Road, Falmouth, ME 04105. (Pl.'s Ex. 3.) The mortgage was recorded with Cumberland County Register of Deeds on November 3, 2003. (Pl.'s Ex. 3.) The mortgage was in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Homebound Mortgage, Inc. (Pl.'s Ex. 3.) On July 21, 2015, MERS purported to assign the mortgage to Federal Home Loan Mortgage Corp. (Pl.'s Ex. 4.) On April 19, 2016, Federal Home Mortgage Corp. purported to assign the mortgage to CitiMortgage Inc. (Pl.'s Ex. 5.) On May 12, 2016, CitiMortgage Inc. purported to assign the mortgage to Ditech

Plaintiff-Ian Brown, Esq.
Defendant-Did not appear/answer

1

Financial LLC. (Pl.'s Ex. 6.) On July 10, 2017, Ditech Financial LLC purported to assign the mortgage to plaintiff. (Pl.'s Ex. 7.)

Plaintiff filed its complaint on November 23, 2016. Defendant was served with the complaint January 27, 2017. Defendant did not respond. Plaintiff requests that the court order a confirmatory transfer of the mortgage to plaintiff and find specifically that plaintiff is the owner of the mortgage because plaintiff is the holder of the note and the equitable owner of the mortgage. (Compl. ¶¶ 9-10.) Plaintiff claims that any interest in the mortgage held by defendant is held in trust for the plaintiff as the holder of the note. (Compl. ¶ 8.)

Discussion

Plaintiff cites Lord v. Crowell, 75 Me. 399 (1883), as authority for this court to compel assignment under the equitable trust doctrine.[1] (Compl. ¶ 11.) Subsequent Law Court decisions address plaintiff's claim to the mortgage. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700; see also Mort. Elec. Registration Sys. v. Saunders, 2010 ME 79, 2 A.3d 289. In Greenleaf the Law Court held that MERS has the right only to record the mortgage as the lender's nominee. Greenleaf, 2014 ME 89, ¶ 14, 96 A.3d 700. Any purported assignment of MERS's rights is an assignment of the right to record only and not an assignment of any other rights. Id. at ¶¶ 15-16. As a result, any assignment that includes or follows an assignment from MERS is invalid. Id. at ¶ 17. In Greenleaf and in this case, the record shows a series of assignments of the right to record the mortgage and no more. Id. at ¶ 17. As a result, the Greenleaf court concluded that plaintiff lacked standing. Id.; see Homeward Residential, Inc. v. Gregor, 2015 ME 108, ¶ 13,

---

[1] The Law Court has cited cases that address the equitable trust doctrine in a foreclosure case. See Mort. Elec. Registration Sys. v. Saunders. 2010 ME 79, ¶ 11, n.3, 2 A.3d 289.

2

122 A.3d 947 (discussing effect of financial services industry's practice of securitization, "spawning a byzantine mass of assignments, transfers, and documentation".)

Plaintiff's request to compel assignment of the mortgage is not granted because the assignment to plaintiff follows a purported assignment by MERS on July 21, 2015. (See Pl.'s Ex. 4.)

The entry is

> Judgment is entered in favor of Defendant, Homebound Mortgage, Inc. and against Plaintiff, New Penn Financial, LLC on Plaintiff's Complaint.

Date: May 22, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 05/23/19